559 A.2d 991

Henry WIEHAGEN, Appellant,

v.

BOROUGH OF NORTH BRADDOCK, Appellee.

BOROUGH OF NORTH BRADDOCK, Appellant,

v.

Henry WIEHAGEN, Appellee.

Commonwealth Court of Pennsylvania.

Argued May 2, 1989.

Decided May 31, 1989.

Petition for Allowance of Appeal Granted March 26, 1990.

Ronald P. Koerner, Gatz, Cohen, Segal & Koerner, P.A., Pittsburgh, for appellant/appellee Henry Wiehagen.

John A. Bacharach, Girman & Bacharach, Pittsburgh, for appellee/appellant Borough of North Braddock.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Before the Court are cross-appeals from the order of the Court of Common Pleas of Allegheny County which held the Borough of North Braddock (Borough) liable to indemnify its employee Henry Wiehagen (Wiehagen) pursuant to Section 8548(a) of what is commonly known as the Political Subdivision Tort Claims Act (Act), 42 Pa.C.S. § 8548(a), for

compensatory damages assessed against Wiehagen in a federal 42 U.S.C. § 1983 action, but not liable to indemnify Wiehagen for costs, attorney fees and interest imposed in the same action. We reverse the trial court's denial of Wiehagen's post-trial exceptions and hold the Borough liable to indemnify Wiehagen for the full amount of the federal judgment.

Wiehagen was employed as a Borough policeman. On June 11, 1980, while on duty and in full uniform, Wiehagen arrested one Arthur Isles (Isles) for public intoxication and transported him to the Borough police station. At the station Isles took a swing at Wiehagen who responded by striking Isles and knocking him to the floor.

Isles subsequently brought a federal civil rights action under 42 U.S.C. § 1983 against both Wiehagen and the Borough. The Borough succeeded in being dismissed from the case on a motion for summary judgment on the theory that Wiehagen's action did not constitute approved or official state or local action. Wiehagen alone went to trial. The jury by special interrogatories found that Wiehagen acted "instinctively" but used more force on Isles than necessary. On March 10, 1983, the jury awarded Isles $7,500.00 in compensatory damages. Attorney fees, costs and expenses were also assessed against Wiehagen pursuant to § 1983 in the amount of $13,610.56. This amount was reduced to judgment. As of March 9, 1987, the total judgment with interest stood at $29,268.50. This judgment remains outstanding against Wiehagen to date.

On October 5, 1984, Wiehagen brought this instant action seeking indemnification against the Borough under § 8548(a) for payment of the federal judgment. Section 8548(a) states:

(a) Indemnity by local agency generally—When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an

act of the employee caused the injury and such act was, or that the employee in good faith reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment on the suit....

The parties stipulated that at all times Wiehagen was acting in good faith and within the scope of his authority. The trial court held that § 8548 applied and served to indemnify Wiehagen against the $7,500.00 in compensatory damages awarded. However, the trial court also held that § 8548 must be read within the context and limitations of the rest of the Political Subdivision Tort Claims Act. The trial court noted that Section 8553(c) of the Act, 42 Pa.C.S. § 8553(c), limits the type of damages recoverable under the Act. Since § 8553(c) does not specify that attorney fees, costs and expenses are recoverable, Wiehagen was not entitled to indemnification for this part of the federal award. Both parties filed post-trial exceptions which the trial court denied.

■ The Borough in its appeal asserts it should not be liable to indemnify Wiehagen against any part of the federal judgment because Wiehagen's conduct does not fall within any of the eight enumerated exceptions to local governmental immunity contained in Section 8542(b) of the Act, 42 Pa.C.S. § 8542(b). The Borough argues that since it could not be liable under § 8542(b) for the act which Wiehagen committed, it is not liable to indemnify Wiehagen for a judgment resulting from this act.

This argument is inapplicable to a § 1983 federal civil rights action. Obviously, the Act cannot immunize a municipality against a federal cause of action. A § 1983 action is not a regular tort action, it addresses a violation of federal civil rights. Nor is Wiehagen's § 8548(a) action brought under a tort theory. Section 8548(a) provides a statutory right of indemnification for municipal employees found lia-

ble for acts while acting within the scope of their duties. Consequently, limited tort immunity under § 8542(b) and indemnification for local employees under § 8548(a) are entirely separate concepts. Since the Borough has stipulated that Wiehagen was acting within the scope of his duties when he struck Isles, and a judgment has been rendered against Wiehagen as a result of this conduct, indemnification must follow.

Our holding necessitates reversal of that part of the trial court's opinion disallowing indemnification of the portion of the judgment comprising the attorney fees, costs and expenses. If the limited immunity provisions of the Act under § 8542(b) are inapplicable to indemnification actions, so are those provisions of the Act under § 8553(c) that limit the type of damages recoverable. Section 8553 refers only to actions for damages and limits the amount and type of damages recoverable. An action brought pursuant to § 8548(a) does not seek damages, but indemnification, which is an entirely different concept. Consequently, the limitation of damages clause contained in § 8553(c) cannot apply to an indemnification action.

Section 8548(a) does not limit indemnification to part of a judgment or specify which components of the judgment are excluded from indemnification. We must give effect to the plain meaning of the statutory language used. That portion of the trial court's order disallowing indemnification of the attorney fees, costs and expenses is reversed.

## ORDER

NOW, May 31, 1989, the order of the Court of Common Pleas of Allegheny County at No. GD84–17917, dated October 6, 1988, which denied the post trial exceptions of Henry Wiehagen is reversed; that portion of the order which entered judgment on the verdict of July 14, 1988, in the amount of $7,500.00 is affirmed.