594 A.2d 303

**Henry WIEHAGEN, Appellee,**

v.

**BOROUGH OF NORTH BRADDOCK, Appellant.**

Supreme Court of Pennsylvania.

Argued March 8, 1991.

Decided July 16, 1991.

518

John A. Bacharach, Girman & Bacharach, Pittsburgh, for appellant.

Ronald P. Koerner, Gatz, Cohen, Segal & Koerner, Pittsburgh, for appellee.

Before NIX, C.J., and FLAHERTY, LARSEN, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The questions before us are whether appellant should be held liable to indemnify its employee pursuant to Section 8548(a) of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 et seq., (the "Act") for compensatory damages assessed against its employee pursuant to a 42 U.S.C.

§ 1983 action; and if so, whether such indemnification should also include reasonable attorney fees, costs, and expenses, which were incurred by the plaintiff in advancing his Section 1983 claim, and reduced to judgment against the employee. We find that appellant is liable to indemnify its employee for all damages, and all reasonable attorney fees, costs, and expenses reduced to judgment in the Section 1983 action, plus interest. We therefore affirm the decision of the Commonwealth Court.

Wiehagen was employed as a policeman by the Borough of North Braddock on June 11, 1980, when he arrested Arthur Isles for public intoxication. While Isles was in custody Wiehagen attempted to remove Isles' belt and Isles attempted to strike Wiehagen. Wiehagen responded by striking Isles, which knocked him to the floor. Isles filed a federal civil rights action against Wiehagen and the Borough pursuant to 42 U.S.C. § 1983. The Borough was granted summary judgment on the basis that Wiehagen's actions did not constitute approved or official state or local action. However, as against Wiehagen, a jury awarded Isles $7,500 in compensatory damages upon a finding that while acting in the scope of his duties,[1] he acted "instinctively" and used more force on Isles than was necessary. In addition to the $7,500 in compensatory damages, pursuant to 42 U.S.C. § 1988 the federal court ordered Wiehagen to reimburse Isles for his attorney fees of $11,440, and costs and expenses of $2,170.56, for a total of $13,610.56. Accordingly, the total judgment entered against Wiehagen was $21,110.56, plus interest.

On October 5, 1984, Wiehagen filed the within action seeking indemnification from the Borough pursuant to 42 Pa.C.S. § 8548(a). Section 8548(a) provides:

(a) *Indemnity by local agency generally*

When an action is brought against an employee of a local agency for damages on account of an injury to a person

---

**1.** The parties stipulated to the fact that Wiehagen was acting within the scope of his duties when he struck Isles.

or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an act of the employee caused the injury and such act was, or that the employee in good faith reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment on the suit.

The trial court held that Wiehagen was entitled to indemnification by the Borough based upon Section 8548(a), however, it limited the indemnification to only the compensatory damages awarded plus interest. It found that 42 Pa.C.S. § 8553(c),[2] which limits the types of damages recoverable under the Act, does not provide for the recovery of attorney fees, and that Wiehagen was therefore not entitled to indemnification for this portion of the judgment against him.

On appeal, the Commonwealth Court affirmed the determination of the trial court that Wiehagen was entitled to indemnification. However, it reversed that portion of the decision of the trial court, which held that Wiehagen was not entitled to full indemnification. In reaching this decision, the Commonwealth Court determined that indemnification is not limited to conduct falling within the eight exceptions to governmental immunity provided in Section

**2.** 42 Pa.C.S. § 8553(c) provides:

(c) **Types of losses recognized.** Damages shall be recoverable only for:

(1) Past and future loss of earnings and earning capacity.

(2) Pain and suffering in the following instances:

(i) death; or

(ii) only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500.

(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.

(4) Loss of consortium.

(5) Loss of support.

(6) Property losses.

8542(b) [3] of the Act because "the Act cannot immunize a municipality against a federal cause of action." *Wiehagen v. Borough of North Braddock*, 126 Pa.Commw. 353, 356, 559 A.2d 991, 993 (1989).

Thereafter, the Commonwealth Court stated that "since the Borough has stipulated that Wiehagen was acting within the scope of his duties when he struck Isles, and a judgment has been rendered against Wiehagen as a result of this conduct, indemnification must follow." *Id.*, 559 A.2d at 993.

The Commonwealth Court further determined that Section 8548 does not limit indemnification, and that the limitation of damages pursuant to Section 8553(c) in actions brought under the Act are inapplicable to the case *sub judice* because it does not involve an action for damages, but one for indemnification, which is an entirely separate concept. Accordingly, the Commonwealth Court reversed that portion of the opinion of the trial court that disallowed indemnification for the part of the judgment comprised of Isle's attorney fees, costs and expenses.

We granted the Borough's petition for allowance of appeal because it presents two issues of public importance, which have the potential for great economic impact upon local agencies, and involve important effects of the Political Subdivision Tort Claims Act.

■ The Borough argues that it is liable to indemnify an employee *only* where his conduct falls within one of the eight exceptions to governmental immunity set forth in 42 Pa.C.S. 8542(b). Thus, since Wiehagen's conduct in striking

3. The eight exceptions to governmental immunity provided in 42 Pa.C.S. § 8542(b) are:
   (1) Vehicle liability.
   (2) Care, custody or control of personal property.
   (3) Real property.
   (4) Trees, traffic controls and street lighting.
   (5) Utility service facilities.
   (6) Streets.
   (7) Sidewalks.
   (8) Care, custody or control of animals.

Isles does not fall within one of those exceptions, the Borough argues that it is not liable to indemnify. Ironically, the Borough concedes that this argument is inapplicable to the federal civil rights action that is the basis of the case *sub judice* because a state may not immunize its actors from violations of federal constitutional or statutory rights. *Truhe v. Rupell,* 641 F.Supp. 57 (M.D.Pa.1985); and *Buskirk v. Seiple,* 560 F.Supp. 247 (E.D.Pa.1983). Nevertheless, the Borough argues that despite its lack of immunity from federal causes of action, the Legislature has limited the applicability of the indemnification provided by Section 8548(a) to conduct falling within the eight exceptions to governmental immunity set forth in Section 8542(b). The Borough reaches this conclusion through a strained application of the principles of statutory construction together with reliance upon legislative history. We find nothing in the language of Section 8548 that persuades us that it is limited to conduct falling within the eight exceptions set forth in Section 8542(b).

Section 8548 clearly and unambiguously provides that "the local agency shall indemnify the employee for the payment of *any judgment*" in an action for injury to person or property brought against an employee where the employee was acting within the scope of his duties. (Emphasis added). Clearly, this section was intended to provide for indemnification for *any* judgment that may be rendered against an employee while acting within the scope of his employment. There is no reasonable basis to conclude that the Legislature intended to provide for indemnification on the state level but not on the federal level. This interpretation is in accordance with the purpose of the statute, which is to permit local agency employees to perform their official duties without fear of personal liability, whether pursuant to state or federal law, so long as the conduct is performed during the course of their employment.

Accordingly, because there is a judgment against Wiehagen arising from conduct within the scope of his employment, the Borough is liable to indemnify Wiehagen.

We must now determine whether such indemnification includes reasonable attorney fees, costs, and expenses, which were incurred by Isles in advancing his Section 1983 claim, and reduced to judgment against Wiehagen.

We first note that Section 8548 does not limit the amount of indemnification in any manner, but rather provides that the "local agency shall indemnify the employee for the payment of *any judgment* on the suit." (Emphasis added). In fact, through Section 8548(b) the Legislature has actually gone as far as to provide that the employee shall not even be liable for any expenses or legal fees incurred by the local agency during the employee's defense. These factors alone should be sufficient to compel the conclusion that the Borough is liable to indemnify Wiehagen for the entire judgment, which obviously fulfills the Legislature's purpose of providing a job environment free from the risk of personal liability. However, the Borough argues that 42 Pa.C.S. § 8553(c), which limits the type of damages recoverable under the Act, does not provide for the recovery of attorney fees, costs, and expenses, and that Wiehagen was therefore not entitled to indemnification for this portion of the judgment against him. We disagree.

Section 8553(c) limits damages in actions brought pursuant to the Act, which seek *damages.* The case *sub judice* is an indemnification action, which is not an action for damages under the Act, and thus, is not subject to the damage limitations set forth in Section 8553. The original action for damages that serves as the basis for the within indemnification action was brought pursuant to 42 U.S.C. § 1983, not the Act.

In addition, 42 Pa.C.S. § 8547 [4] provides further evidence of the Legislature's intent that Wiehagen and others sim-

---

**4.** 42 Pa.C.S. § 8547 (Legal assistance) in pertinent part provides:
  (a) **Mandatory provision of legal assistance generally.** When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and it is alleged that the act of the employee which gave rise to the claim was within the scope of the office or duties of the employee, the local agency shall, upon the written request of the employee, defend the action, unless or

ilarly situated suffer no financial loss while defending acts performed within the scope of their employment. Section 8547 actually obligates local agencies in these circumstances to defend the action on behalf of the employee or reimburse the employee for reasonable expenses incurred in defending the action, and as noted above, the employee is not liable for any expenses or attorney fees thereby incurred by the local agency pursuant to Section 8548(b). We are equally convinced that the legal assistance provided for in Section 8547 extends to federal actions in the same manner as the indemnification provided by Section 8548.

Accordingly, since Section 8548 provides that Wiehagen is entitled to indemnification for *any judgment;* since Section 8548 does not limit the indemnification to which Wiehagen is entitled; since the damage limitations set forth in Section 8553(c) are inapplicable to this indemnification action, which arises from a federal damage award not brought pursuant to the Act; and since the Legislature has also provided that Wiehagen is even entitled to legal assistance from the Borough, such indemnification by the Borough in the case *sub judice* must include reasonable attorney fees, costs, and expenses, which were incurred by Isles in advancing his Section 1983 claim, and reduced to judgment against Wiehagen. Therefore, the Borough must indemnify Wiehagen for the total judgment of $21,110.56, plus interest. The order

until there is a judicial determination that such act was not within the scope of the office or duties of the employee.

**(b) Optional provision of legal assistance generally.** When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and it is not alleged that the act of the employee which gave rise to the claim was within the scope of his office or duties, the local agency may, upon the written request of the employee, defend the action, and such undertaking to defend thereafter may be withdrawn only with the approval of the court. If the local agency has refused a written request to defend the action, and it is judicially determined that the act was, or that the employee in good faith reasonably believed that such act was, within the scope of the office or duties of the employee and did not constitute a crime, actual fraud, actual malice or willful misconduct, the local agency shall reimburse the employee for the expenses of his legal defense in such amounts as shall be determined to be reasonable by the court.

and opinion of the Commonwealth Court is affirmed. The matter is remanded to the trial court for the proper computation of interest.

Jurisdiction relinquished.