641 A.2d 289

**Charles RENK, Appellant,**

v.

**CITY OF PITTSBURGH, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1993.

Resubmitted March 29, 1994.

Decided May 2, 1994.

Michael J. Lydon, Bryan Campbell, Pittsburgh, for appellant.

Mary K. Conturo, City Sol., J. Russell McGregor, Jr., Asst. City Sol., Pittsburgh, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

ZAPPALA, JUSTICE.

■ The issue presented in this appeal is whether indemnification by a local agency for the payment of a judgment entered against a police officer in a civil action for assault and battery and false imprisonment is prohibited in all instances under the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, et seq. We conclude that a police officer may be indemnified for the payment of a judgment entered in a civil action for assault and battery and false imprisonment absent a judicial determination that the officer's acts constituted willful misconduct. For the following reasons, we reverse the order of the Commonwealth Court.

On December 8, 1984, a bus driver for the Port Authority of Allegheny County requested assistance from Charles Renk, a City of Pittsburgh police officer. The driver stopped Renk as he was entering the police station to report for duty. He informed Renk that David Laney was using an invalid bus pass and had refused to get off of the bus. At the driver's request, Renk removed Laney from the bus. Laney was subsequently arrested for disorderly conduct. When Laney was escorted to the police station, a scuffle began and Renk's elbow struck Laney in the mouth. Laney was detained in a cell at the station until Renk had finished dressing in his police uniform and had written the citation for disorderly conduct. The citation was later dismissed when Renk failed to appear at the scheduled hearing.

As a result of this incident, Laney brought an action in the United States District Court for the Western District of Pennsylvania asserting, inter alia, a federal claim under 42 U.S.C. § 1981 and state claims for assault, battery, false imprisonment, and emotional distress, which were tried before a jury. The jury found that neither the City nor Renk had

violated § 1981, but found Renk liable to Laney on the state tort claims. Judgment was entered against Renk in the amount of $7,648.08, which included $2,500 in compensatory damages, $5,000 in punitive damages, and costs.

After making payment of the judgment, Renk brought this civil action against the City seeking indemnification pursuant to 42 Pa.C.S.A. § 8548. On August 7, 1990, a verdict in the amount of $7,648.08 was entered in favor of Renk after a non-jury trial. The City filed post-trial motions seeking judgment n.o.v. or, alternatively, a new trial. The post-trial motions were denied.

On appeal, the Commonwealth Court considered whether Renk was collaterally estopped from asserting that he acted within the scope of his duties on December 8, 1984, and, if not, whether Renk's actions on that date constituted willful misconduct. The City contended that the scope of duties issue had been litigated and determined in the federal court action, and that Renk was precluded from asserting that he was acting within the scope of his duties in the indemnification action. The court concluded that Renk was not collaterally estopped from raising the issue because the specific issue was never put to the jury and there was no indication in the record that the jury considered or addressed that issue.

The Commonwealth Court reversed the trial court, however, on the basis that Renk's actions constituted willful misconduct, stating:

> We must now determine whether Renk's actions constituted willful misconduct. The City has no duty to indemnify Renk where it is judicially determined that his acts caused the injury and that such acts constituted a crime, actual fraud, actual malice or willful misconduct. 42 Pa.C.S. § 8550. This court has held willful misconduct is synonymous with "intentional tort." *King v. Breach*, 115 Pa.Commonwealth Ct. 355, 540 A.2d 976 (1988). The jury in the federal court proceeding found Renk liable for the intentional torts of assault, battery and false imprisonment. There-

fore, the trial court erred in finding that Renk was entitled to indemnification.

(Memorandum opinion at 5, footnote deleted). We granted Renk's Petition for Allowance of Appeal to consider whether a determination of liability for tortious conduct is the equivalent of a judicial determination of willful misconduct sufficient to preclude indemnification for the payment of a judgment entered in the action, 533 Pa. 664, 625 A.2d 1196.

The Political Subdivision Tort Claims Act grants the City governmental immunity from liability for any damages resulting from an injury to a person or property caused by any act of the City, its employee, or any other person, except as specifically provided for under 42 Pa.C.S.A. § 8542. This immunity extends to an employee of the City who is liable for civil damages caused by acts which are within the scope of his office or duties. An employee may be indemnified for the payment of a judgment arising from a lawsuit when the employee was acting, or reasonably believed that he was acting, within the scope of his duties. 42 Pa.C.S.A. § 8548(a). An employee's immunity does not extend to acts that are judicially determined to be crimes, actual fraud, actual malice, or willful misconduct. 42 Pa.C.S.A. § 8550.

The purpose of the indemnification provisions "... is to permit local agency employees to perform their 'official duties' without fear of personal liability, whether pursuant to state or federal law, so long as the conduct is performed during the course of their employment." *Wiehagen v. Borough of North Braddock,* 527 Pa. 517, 594 A.2d 303 (1991). In *Wiehagen,* we held that a police officer was entitled to indemnification under the Political Subdivision Tort Claims Act for compensatory damages, attorney fees, costs, and expenses awarded to a plaintiff in a federal civil rights action. The civil rights action was brought against Wiehagen, the police officer, and the Borough of North Braddock pursuant to 42 U.S.C. § 1983 based upon Wiehagen's conduct of striking an individual who had been arrested for public intoxication. The Borough was granted summary judgment in the federal action on the basis that the officer's conduct did not constitute approved or official

state or local action. A jury verdict awarding compensatory damages was entered against Wiehagen upon a finding that he used more force than necessary while acting in the scope of his duties.

Wiehagen filed a state court action seeking indemnification from the Borough under 42 Pa.C.S.A. § 8548(a). The trial court held that Wiehagen was entitled to indemnification limited to the compensatory damages awarded plus interest. We held that the Borough was required to indemnify Wiehagen because there was a judgment against him arising from conduct within the scope of his employment, and that such indemnification included the plaintiff's reasonable attorney's fees, costs, and expenses.

Renk asserts that the Commonwealth Court disregarded our decision in *Wiehagen,* and erred in holding that the verdict in the federal action established that his actions constituted willful misconduct as a matter of law. The Commonwealth Court attempted to distinguish the instant case from *Wiehagen,* stating that "The *Wiehagen* court did not address the issue raised here of whether the officer was acting within the scope of his duties because the municipality in *Wiehagen* stipulated that the officer was acting in good faith and within the scope of his authority." (Memorandum opinion at 5, footnote 5). Although this statement is accurate, the Commonwealth Court failed to differentiate between the issue of whether the police officer was acting within the scope of his duties and the issue of whether the police officer's acts constituted willful misconduct.[1] The latter issue was not resolved in *Wiehagen,* and must now be addressed.

The Commonwealth Court relied upon its decision in *King v. Breach,* 115 Pa.Cmwlth. 355, 540 A.2d 976 (1988) in holding that Renk was not entitled to indemnification. In *King,* a nurse who was assaulted by a patient of a state hospital brought an action for damages against a county prison, the

1. Because the Commonwealth Court did not disturb the trial court's finding that Renk was acting within the scope of his duties on December 8, 1984, which is supported by the record, we need not address that finding.

warden in charge of treatment, the county mental health program, and the director of the program. The patient had been transferred to the state hospital from prison. The nurse alleged that the prison warden and program director were aware of the patient's propensity to assault others and had failed to provide proper treatment and/or security. The acts and omissions were characterized by the nurse as willful misconduct and/or negligence.

In holding that the prison warden and program director had official immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8545, the court stated:

Willful misconduct, for the purposes of tort law, has been defined by our Supreme Court to mean conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied. *Evans v. Philadelphia Transportation Company,* 418 Pa. 567, 212 A.2d 440 (1965). In other words, the term "willful misconduct" is synonymous with the term "intentional tort". *See* W. Prosser, *Handbook of The Law of Torts,* 31 (4th ed. 1971).

Keeping this in mind, it is the conclusion of this court, after reviewing the record, that the acts ... upon which liability is predicated, do not, as a matter of law, constitute willful misconduct. While the separate causes of action ... contain general allegations to the effect that their conduct constituted willful misconduct, those circumstances alleged in the complaint and related by the wife-appellant in her deposition testimony and affidavit, even if true, are insufficient to support a conclusion that either ... must have believed and known that the assault of the wife-appellant, or some other person, at the hands of Breach was substantially certain to follow as a result of his conduct, so that it would have to be said that he intended such a result.

115 Pa.Cmwlth. at 366–67, 540 A.2d at 981.

The City focuses on the language in the *King* decision that equates willful misconduct with intentional torts, asserting that the jury's finding in the federal action that Renk was

liable for assault or battery and false imprisonment is conclusive of this issue. This equation has no validity in the context of a lawsuit based upon police conduct, however. The *King* decision, which did not involve police conduct, is of no precedential value.

"Assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Cohen v. Lit Brothers*, 166 Pa.Super. 206, 209, 70 A.2d 419, 421 (1950). (Citation omitted.) A police officer may use reasonable force to prevent interference with the exercise of his authority or the performance of his duty. In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest. The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery.

The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention. An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not. *Fagan v. Pittsburgh Terminal Coal Corporation*, 299 Pa. 109, 149 A. 159 (1930). Probable cause exists when "the facts and circumstances which are within the knowledge of the police officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Rodriguez*, 526 Pa. 268, 273, 585 A.2d 988, 990 (1991). (Citation omitted.)

A police officer may be held liable for assault and battery when a jury determines that the force used in making an arrest is unnecessary or excessive, and for false imprisonment when a jury concludes that he did not have probable cause to make an arrest. It is conceivable that a jury could find a police officer liable for those torts under circumstances which demonstrate that the officer did not intentionally use

unnecessary and excessive force, or did not deliberately arrest a person knowing that he lacked probable cause to do so. In this case, it is unclear whether the jury in the federal action determined that Renk intentionally used excessive force in arresting Laney, or only that he intentionally used force. Similarly, the jury's verdict does not resolve the issue of whether Renk intentionally arrested Laney knowing that he lacked probable cause to do so, or only that he lacked probable cause to make the arrest.

The City relied solely upon the jury's verdict in the federal action and did not introduce any other evidence to support its claim that Renk's acts were willful misconduct. The jury verdict alone is insufficient to establish willful misconduct in this case. Nor is the award of punitive damages sufficient to establish willful misconduct, since reckless conduct may be sufficient to support such an award.[2] See *Rizzo v. Haines*, 520 Pa. 484, 555 A.2d 58 (1989). Based upon the evidence of record, we find that the City failed to establish that Renk's acts were willful misconduct.

The order of the Commonwealth Court is reversed.

MONTEMURO, Senior Justice, files a dissenting opinion in which NIX, C.J., and FLAHERTY, J., join.*

MONTEMURO, Justice, dissenting.

I respectfully dissent. Under 42 Pa.C.S. § 8550, an employee of a state agency is not entitled to indemnification pursuant

---

**2.** The City contends also that Renk is not entitled to indemnification for punitive damages because punitive damages are not recoverable against a municipality under 42 Pa.C.S.A. § 8553(c). This argument was rejected in *Wiehagen v. Borough of North Braddock*, supra, in which we held that an action for indemnification is not an action for damages under the Political Subdivision Tort Claims Act and, therefore, is not subject to the limitation on damages set forth in § 8553(c).

* Mr. Justice Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of Mr. Justice Larsen, see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

to 42 Pa.C.S. § 8548 when he is found to have committed wilful misconduct. The majority today holds that, although appellant has previously been found liable for the torts of assault, battery, and false imprisonment, he may not have committed willful misconduct and thus, is entitled to indemnification under section 8548. It bases this conclusion on the premise that appellant may not have intentionally committed these intentional torts. I am unable to join such a result for I believe a jury's determination that an individual has committed the torts of assault, battery, and false imprisonment constitutes a judicial determination that the individual has committed willful misconduct because these torts are by definition intentionally committed and are clearly outside the scope of a police officer's duties.

The decision reached by the majority rests on the proposition that it is conceivable that a jury could find a police officer liable for the torts of assault, battery, and false imprisonment under circumstances demonstrating that the officer had not intentionally used unnecessary or excessive force.[1] This assertion is simply incorrect for the torts of assault, battery, and false imprisonment are intentional torts and thus, share a common denominator in that each which requires a conscious intent on the part of the actor to bring about the harm in question.

This element of intent is clearly set forth in the Restatement (Second) of Torts § 21(1) (1965), in which the tort of Assault is defined as follows:

§ 21 Assault

(1) An actor is subject to liability to another for assault if

1. It is well established that a police officer is privileged to make an arrest when he has probable cause to believe a crime has been committed, and to use reasonable force to effectuate an arrest. *See* RESTATEMENT (SECOND) OF TORTS §§ 118–121, 140–144 (1965). Thus, the majority correctly notes that an officer may only be subjected to liability for assault and battery when the force employed by the officer is excessive and may only be held liable for false imprisonment when an arrest is unsupported by probable cause.

(a) he acts *intending* to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

(b) the other is thereby put in immediate apprehension.

(2) An action which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for an apprehension caused thereby although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk threatened bodily harm.

(emphasis added). The definition of Battery set forth in section 18(1) of the Restatement (Second) of Torts, likewise, states,

§ 18. Battery: Offensive Contact

(1) An actor is subject to liability to another for battery if

(a) he acts *intending* to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

(b) an offensive contact with the person of the other directly or indirectly results

(2) An act which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for a mere offensive contact with the other's person although the act involves an unreasonable risk of inflicting it and therefore, would be negligent or reckless if the risk threatened bodily harm.

(emphasis added). Finally, the tort of false imprisonment as defined in section 35 of the Restatement (Second) of Torts clearly sets forth the same element of intent as it provides,

§ 35. False Imprisonment

(1) An actor is subject to liability to another for false imprisonment if

(a) he acts *intending* to confine the other or a third person within boundaries fixed by the actor, and

**80**

(b) his act directly or indirectly results in such a confinement of the other, and

(c) the other is conscious of the confinement or is harmed by it.[2]

(emphasis added).

Due to this element of intent, the jury's previous verdict against Officer Renk can only be construed as a determination that he intentionally (i.e. wilfully) used force in excess of that reasonably needed to make an arrest and intentionally arrested appellee without probable cause. Because the City of Pittsburgh does not pay its officers to perpetrate such intentional torts upon citizens, these actions are clearly beyond the scope of a police officer's duties and amount misconduct which, as previously noted, was wilfully committed. Thus, I would affirm the Commonwealth Court's decision to deny appellant indemnification on the ground that the previous verdict against him amounted to a judicial determination that appellant had committed wilful misconduct. Since the majority refuses to do so, I must respectfully dissent.

NIX, C.J., and FLAHERTY, J., join in this dissenting opinion.

---

2. In the context of an arrest, an actor is liable for false imprisonment when he causes the false arrest of another person. A false arrest is defined as 1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so. Pennsylvania Suggested Standard Civil Jury Instructions § 13.04.