710 A.2d 20

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**MOTORISTS MUTUAL INSURANCE COMPANY, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 15, 1997.

Decided March 31, 1998.

Catherine Hill Kunda, Peter J. Hoffman, Philadelphia, for Indemnity Ins. Co.

Christopher C. Conner, Harrisburg, for Pennsylvania Counties Risk Pool & Pennsylvania Polled Risk Trust Insurance of Municipal Entities (Amicus Curiae).

Geoffrey L. Beauchamp, Blue Bell, for Delaware Valley Ins. (Amicus Curiae).

Michael I. Levin, for Pennsylvania School Boards Ass'n Ins. Trust (Amicus Curiae).

Thomas A. Lonich, Washington, for Motorists Mut. Ins. Co.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

The issue before this Court is whether an insurance coverage dispute arising out of an automobile accident caused by a *public employee is governed by the indemnity provisions of* the Judicial Code[1] applicable to political subdivisions or the language of the insurance policies. We find that the language of the insurance policies at issue controls the question of coverage and therefore reverse the Commonwealth Court's order.

On March 14, 1992, Randy Hunter, Jr. (Hunter), while driving a family-owned automobile, was acting in his capacity as a volunteer fireman for the Center Township Volunteer Fire Company when his vehicle struck and killed Evelyn Houser (Houser). At the time of the accident, the vehicle operated by Hunter was owned by his father and insured with appellee, Motorists Mutual Insurance Company (Motorists). Hunter's policy with Motorists had a limit of liability of $100,000 per person and $300,000 per accident. The fire company was insured by appellant Indemnity Insurance Company of North America (Indemnity) with an applicable combined single limit of liability of $300,000.

---

1. 42 Pa.C.S. § 8548(a).

Houser's estate filed suit against Hunter and the fire company, and Indemnity settled the action for $150,000.[2] To clarify which insurer was obligated to provide primary coverage for the accident and thereby determine what portion of the settlement it was obligated to pay,[3] Indemnity filed a declaratory judgment action seeking a ruling that, pursuant to the language of its insurance contract with the fire company, the Motorists' policy provided primary coverage for the accident so that any liability Indemnity had was limited to damages in excess of Motorists' policy and not for any damages that the Motorists' policy covered.[4] The trial court ruled in favor of Indemnity. On appeal, the Commonwealth Court reversed and remanded for entry of judgment in favor of Motorists.

Indemnity's policy with the fire company covers an employee of the fire company operating an automobile not owned by the fire company provided the employee is engaged in the business of the fire company.[5] There is no dispute that Hunter was an employee of the fire company and that he was engaged in the business of the fire company at the time of the accident. *See, Selected Risks Insurance Co. v. Thompson,* 520 Pa. 130, 140, 552 A.2d 1382, 1387 (1989) (volunteer firefighters

2. The release signed by Houser's estate when settling the underlying action releases both Indemnity and Motorists from all further liability to the estate for any claims arising out of the subject automobile accident.

3. If the Indemnity policy was determined to be primary, Indemnity would be required to pay the entire $150,000 because its policy limit was $300,000. On the other hand, if the Motorist policy was primary, Motorists would pay the first $100,000 of the settlement (its policy limits) and Indemnity's exposure would be limited to the remaining $50,000.

4. There is no dispute between the parties as to the meaning of the policy language. The parties agree that the language of the Indemnity policy indicates that its coverage is excess to the primary coverage of any covered vehicle that is not owned by the fire company. The disputed issue is whether that language or the indemnity language of 42 Pa.C.S. § 8548(a) applies.

5. The policy provides:

The following is added to the liability coverage—who is an insured provision: any employee of yours is an insured while using a covered auto you don't own, hire or borrow in your business or personal affairs.

are deemed public employees of a local agency). Indemnity's policy further states that Indemnity provides excess coverage for any accident involving an automobile not owned by the fire company but operated by an employee of the fire company.[6] Therefore, Indemnity argues that because Hunter was driving his family automobile at the time of the accident, Motorists has primary responsibility for the instant action to its limits of liability. It follows then that Indemnity would be responsible only for those damages that exceed Motorists' limits of liability.

Motorists argues that this coverage dispute is governed by 42 Pa.C.S. § 8548(a) which provides

> Indemnity by local agency generally.—When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an act of the employee caused the injury and such act was, or that the employee in good faith reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment on the suit.

This indemnification statute is designed to protect a public employee from financial loss incurred while performing acts within the scope of his employment. *Wiehagen v. Borough of North Braddock*, 527 Pa. 517, 523–24, 594 A.2d 303, 306 (1991). Clearly, under the statute, Hunter would be entitled to indemnification from the fire company for any expenses he incurred as a result of the accident which occurred while Hunter was engaged in the business of the fire company, and this Court has consistently upheld the right of public employees to indemnification.[7]

6. The policy provides, in pertinent part:
   5. OTHER INSURANCE
   a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance ...

7. *See, e.g., BLaST Intermediate Unit 17 v. CNA Insurance Cos.*, 544 Pa. 66, 674 A.2d 687 (1996) (insurance carrier must indemnify school

■ The issue raised in this appeal, however, is whether Hunter's *insurer* (Motorists) is entitled to indemnification from the fire company's *insurer* (Indemnity) where the fire company's insurance policy with Indemnity expressly shifts financial responsibility to Motorists as the primary carrier. The policy concerns behind the indemnification statute are not served by placing all of the responsibility for the loss on Indemnity because the financial loss for the accident is not personal to Hunter in this case, but rather would be borne by Motorists to its limits of liability. Further, the indemnification statute does not address indemnification of insurers of public employees, only indemnification of the employee himself. Thus, a finding that Hunter's insurer is not entitled to indemnification does not offend the statutory indemnification provisions.

■ This Court has long held that "[a] clear and unambiguous contract provision must be given its plain meaning, unless to do so would be contrary to a clearly expressed public policy." *Windrim v. Nationwide Insurance Co.*, 537 Pa. 129, 135, 641 A.2d 1154, 1157 (1994). *See also Paylor v. The Hartford Insurance Co.*, 536 Pa. 583, 640 A.2d 1234 (1994). The language of Indemnity's policy is clear and unambiguous that Indemnity provides excess coverage over any other collectible insurance. The provision is not contrary to any public policy. Therefore, it must be given its plain meaning.

■ When Indemnity contracted to provide insurance for the fire company, it factored its risk into the decision regarding the fire company's insurability and an appropriate premium to charge. Pertinent to Indemnity's perception of its risk was the belief, based upon the clear contract language, that it provided only excess coverage for vehicles not owned by the fire company but used by the fire company's employees.

district for judgment resulting from inadvertent violation of federal discrimination statutes); *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289 (1994) (local agency must indemnify police officer for judgment in civil action for assault and battery and false imprisonment absent a judicial determination that his acts constituted willful misconduct).

Indemnity is entitled to rely on the language of the contract here where the language is not in contravention of public policy.

Accordingly, the decision of the Commonwealth Court is reversed.