**James KEENAN, Appellant**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Oct. 29, 2007.

Decided Nov. 28, 2007.

Michael Pileggi, Philadelphia, for appellant.

Alan C. Ostrow, Philadelphia, for appellee.

BEFORE: COLINS, Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge PELLEGRINI.

James Keenan (Keenan) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) determining that he was not entitled to indemnification under Section 8548 of what is commonly called the Political Subdivision Tort Claims Act (Act),[1] 42 Pa.C.S. § 8548, from

---

1. Section 8548 of the Act provides, in part:
   (a) INDEMNITY BY LOCAL AGENCY GENERALLY.-When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an act of the employee caused the injury and such act was, or that the employee in good faith

the City of Philadelphia (City) because he engaged in willful misconduct.

This appeal arose out of a Section 1983 complaint [2] filed by Erwin Best (Best) in the United States District Court for the Eastern District of Pennsylvania alleging that Keenan, while employed as police officer, assaulted him when he was arrested by City of Philadelphia police in violation of his rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.[3] The complaint also brought a claim for damages under Pennsylvania law for assault and battery.[4] Keenan filed an answer raising governmental immunity as a defense.

At trial, Best testified that he was standing on the street with his friends when City police officers, including Keenan, approached them. One individual fled, and Keenan pursued him on foot. Police officers detained Best and took his wallet to obtain his identification. Keenan, who had not apprehended the fleeing individual, returned to the scene, and hearing Best's request that his wallet be returned, approached him, stated, "Do we have a tough guy in the crowd," and struck him three times in the face. Best was arrested and charged with disorderly conduct but was released. Two other witnesses corroborated Best's testimony.

At the conclusion of the trial on Best's complaint, the federal district court instructed the jury as follows:

> With regard to assault and battery. For a police officer to be held liable for either of these claims, the plaintiff must establish that the act constituted willful misconduct under Pennsylvania law. Under Pennsylvania law, willful misconduct means that an actor desired to bring about the result that followed, or at least that he was aware that it was substantially certain to ensue.

(Reproduced Record at 129.) The jury was further instructed on the elements necessary to establish the state law causes of action of assault and battery. It returned a verdict in favor of Best and against Keenan finding that Keenan had used excessive force when arresting Best in violation of Best's Fourth Amendment rights, and that he committed the intentional torts of assault and battery. It

reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment of the suit.
(b) INDEMNITY BY EMPLOYEE GENERALLY.-No employee of a local agency shall be liable to the local agency for any surcharge, contribution, indemnity or reimbursement for any liability incurred by the local agency for damages on account of an injury to a person or property caused by an act of the employee which was within the scope of his office or duties or which he in good faith reasonably believed to be within the scope of his office or duties. No employee of a local agency shall be liable to the local agency for any surcharge, contribution, indemnity or reimbursement for any expenses or legal fees incurred by the local agency while defending the employee against a claim for damages on account of an injury to a person or property caused by an act of the employee.

**2.** 42 U.S.C. § 1983 provides, in pertinent part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**3.** U.S. Const. amend. IV; U.S. Const. amend XIV, § 1.

**4.** Besides Keenan, Best named three other officers as defendants. However, these individuals were later dismissed from his suit.

awarded Best $100 in compensatory damages, $500 in punitive damages, and $15,225 in attorney's fees against Keenan.

After the verdict, Keenan sought indemnification pursuant to Section 8548 of the Act from the City.[5] After the City refused, Keenan then filed a complaint against the City for its failure to indemnify him as required by Section 8548. The City answered, averring that because it was judicially found that Keenan committed willful misconduct, Section 8550 of the Act,[6] 42 Pa.C.S. § 8550, precluded indemnification. Following a judicial arbitration award in favor of Keenan, the City appealed to the trial court. The record there consisted of the federal court trial transcript, jury instructions and jury verdict sheet.

Finding that the federal jury found that Keenan engaged in willful misconduct when he struck Best, the trial court denied Keenan's claim for indemnification. It reasoned that the federal court jury instructions explained that Keenan could only be liable for an assault and battery if his actions constituted willful misconduct, and the jury was asked to consider whether Keenan intentionally struck Best without justification or whether he committed the actions for some excusable reason. The trial court noted that the jury's finding that Keenan committed the assault and battery necessarily meant that it also found that he engaged in willful misconduct. Because Keenan's punches were a deliberate act intended to cause harm and constituted willful misconduct, the trial court concluded that Section 8550 excused the City from indemnifying Keenan. This appeal followed.

Keenan argues that the trial court erred in determining that he was not entitled to indemnification because he was guilty of willful misconduct. Conceding that the federal court jury instructions referred to willful misconduct, he contends that, at most, the federal jury found that he had committed two state law torts which did not amount to a finding that he committed willful misconduct, and there was no evidence demonstrating that he intentionally used excessive force in committing the assault and battery upon Best. Because it was not judicially determined that he engaged in willful misconduct, Keenan maintains that he is entitled to indemnification pursuant to Section 8548 of the Act.[7]

In support of his argument, Keenan cites to *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289 (1994), where a bus driver requested assistance from Renk, a police officer who was entering the police station to report for duty, because one of his passengers was using an invalid bus pass and refused to get off the bus. At the driver's request, Renk removed the pas-

---

**5.** Best's attorney and Keenan then entered into an agreement to forgive his debt to Best and assign Best's attorney any amount he received following a claim for indemnification from the City.

**6.** Section 8550 of the Act provides:
   In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act **constituted a crime, actual fraud, actual malice or willful misconduct,** the provisions of sections 8545 (relating to official liability generally), 8546

(relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply. (Emphasis added.)

**7.** The Act's indemnification provision applies to any judgment, state or federal, that may be rendered against an employee while acting within the scope of his employment. *Wiehagen v. Borough of North Braddock*, 527 Pa. 517, 594 A.2d 303 (1991). Such indemnification includes reasonable attorney's fees, costs and expenses incurred by the employee in the underlying action. *Id.*

senger from the bus. When the passenger was being escorted to the police station, a scuffle began and Renk's elbow struck the passenger in the mouth. He was detained in a cell at the station until Renk had finished dressing in his police uniform and had written a citation for disorderly conduct. The citation was later dismissed when Renk failed to appear at the scheduled hearing.

The passenger then brought an action in federal court against Renk under 42 U.S.C. § 1981 and state law claims for assault, battery, false imprisonment and emotional distress. While not finding that he violated § 1981, the jury found Renk liable on the state tort claims. Judgment was entered against him, and he sought indemnification because the incident occurred while he was acting within the scope of his duties. Refusing the indemnification, the City of Pittsburgh argued that he was not entitled to reimbursement because he engaged in willful misconduct. To establish that the award was based on an act that involved Renk's willful misconduct, the City of Pittsburgh only offered the jury verdict slip finding him liable for assault, battery and false imprisonment. Although judgment was entered against Renk for the state law intentional torts, our Supreme Court stated that a verdict that a police officer committed an intentional tort, by itself, was insufficient to establish willful misconduct. It reasoned that a police officer's conduct might not have been willful because he might not intentionally have committed the intentional tort.

The City argues that this case is distinguishable from *Renk* because rather than solely relying on the jury verdict to establish willful misconduct, it introduced the federal court trial transcript, jury instructions and verdict sheet which collectively demonstrated that the jury, in finding Keenan liable for the state law intentional torts, necessarily had found that he was guilty of willful misconduct. All of that evidence, the City asserts, establishes that it has been judicially determined that Keenan's assault and battery on Best, upon which the verdict was based, involved willful misconduct precluding indemnification.[8] We agree.

Unlike in *Renk*, where the officer committed an assault and battery once a scuffle developed as he detained the suspect, Keenan struck Best after he had already been detained by other City of Philadelphia police officers. The force used by Keenan was not used to make the arrest or to assist in detaining Best, but, as noted by the trial court, because he perceived Best to be a "'smart alec' or a 'tough guy.'" (Reproduced Record at 4.) Based on these facts, the federal jury was specifically instructed that to find Keenan liable for the assault and battery of Best, it first had to determine that he engaged in willful misconduct.[9] Essentially, this instruction asked the jury to consider whether Keenan intended to commit the intentional torts, and when it found that Keenan committed those torts, the jury found that he engaged in willful misconduct. In light of *Renk*, the evidence submitted by the City, namely, the jury instructions and verdict sheet, was sufficient to prove a judicial determination that Keenan engaged in willful mis-

---

8. The government agency attempting to avoid its indemnity obligation bears the burden of proving that there was a judicial determination of willful misconduct. *Pettit v. Namie*, 931 A.2d 790 (Pa.Cmwlth. 2007).

9. "Willful misconduct" means that the actor desired to bring about the result that followed or at least that he was aware that it was substantially certain to ensue. *Evans v. Philadelphia Transportation Company*, 418 Pa. 567, 212 A.2d 440 (1965).

conduct and was not entitled to indemnification because of the limitations set forth in Section 8550 of the Act.

Accordingly, the order of the trial court is affirmed.

## *ORDER*

AND NOW, this *28th* day of *November*, 2007, the order of the Court of Common Pleas of Philadelphia County, dated November 2, 2006, is affirmed.