NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2493

NICKY POPE,
Appellant

v.

ROSTRAVER SHOP 'N SAVE; HOWARD RUSSELL, individually and in his official capacity as the Store Manager for Rostraver Shop 'N Save; ROSTRAVER TOWNSHIP; ROSTRAVER TOWNSHIP POLICE DEPARTMENT; and OFFICER GEORGE MILKENT, individually and in his capacity as an Officer with the Rostraver Township Police Department

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
Case No. 06-cr-01009
(Honorable Nora Barry Fischer)

_____

Submitted pursuant to Third Circuit LAR 34.1
February 5, 2010

Before McKee, *Chief Judge*, Rendell, *Circuit Judge* and Davis, *District Judge*[*]
(Opinion Filed:  July 22, 2010)

OPINION OF THE COURT

McKee, *Chief Judge*:

_____

[*] Honorable Legrome D. Davis, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Plaintiff appeals the district court's order granting summary judgment in favor of Defendants and denying Plaintiff's cross-motion for summary judgment. For the reasons set forth below, we will affirm.

## I.[1]

As we write primarily for the parties, we need not recite the factual or procedural background except insofar as is useful to our discussion. This action arises from a situation that occurred in a Rostraver Shop 'N' Save grocery store after employees of the store briefly detained Ms. Pope, and called police because they thought she had stolen something from the shelves of the store. Although Pope's brief states four separate appellate issues, they all amount to a challenge to the district court's denial of her claim for false imprisonment. [2]

Defendants respond by claiming that Pope was not totally confined or restrained and that she therefore has not established a *prima facie* case of false imprisonment. Alternatively, Defendants argue that they have immunity under Pennsylvania's Retail Theft Act, *see* 18 Pa. C.S.A. § 3929(d), because they had probable cause to question and search Pope based upon a reasonable belief that she was concealing an item beneath her clothing that she had not purchased and had no intend to purchase.

---

[1] Our standard of review is plenary. In reviewing a grant of summary judgment we view the evidence in the light most favorable to the non-moving party and affirm the grant of summary judgment if there is no genuine issue of material fact. *Startzell v. City of Philadelphia*, 533 F.3d 183, 192 (3d Cir. 2008).

[2] We have appellate jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291.

False imprisonment in Pennsylvania is the unlawful detention of another person. *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). In order to establish a *prima facie* case of false imprisonment, a plaintiff must produce sufficient evidence to support a finding that: (1) the defendant acted with the intent to confine the plaintiff within fixed boundaries; (2) the defendant's act directly or indirectly confined the plaintiff; and (3) plaintiff was aware of the confinement or harmed by it. *Gagliardi v. Lynn*, 285 A.2d 109, 111 n.2 (Pa. 1971); *Pennoyer v. Marriott Hotel Services, Inc.*, 324 F. Supp. 614, 620 (E.D. Pa. 2004); *Caswell v. BJ's Wholesale Co. et. al.*, 5 F. Supp. 2d 312, 319 (E.D. Pa. 1998); *Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532, 540-541 (E.D. Pa. 1982); *Restatement (Second) of Torts* § 35.

A plaintiff cannot establish a claim for false imprisonment if there is a known means of escape involving nothing more than slight inconvenience. In other words, the confinement must be complete. *Caswell*, 5 F. Supp. at 319. Moreover, in the absence of physical force or physical barriers, plaintiff must make some attempt to determine whether s/he is actually confined. *Id*. Absent force or physical barriers, a claim of false imprisonment can not rest upon a mere belief that one is confined. *Chicarelli,* 551 F. Supp. at 451.

## II.

This record does not support a finding that Pope was totally confined even when viewed in the light most favorable to her. Pope never asked whether she could leave the

3

store.  In fact, her own deposition testimony establishes that she voluntarily remained in the store to await the arrival of the police.  (J.A. 163a).  Thus, a safe means of escape, the front entrance of the store, would have been available had she not decided to remain until the police arrived.  In fact, Pope simply walked out the front door, unescorted, to speak with Officer Milkent once the police did arrive.  Although we certainly do not fault Ms. Pope for deciding to wait for the police to arrive in the face of accusations that she was a thief and concealing stolen items under her clothing, we nevertheless can not overlook the fact that her decision negates her ability to establish the total confinement that is required for a claim of false imprisonment.

Pope attempts to rely on *Pinkett v. Super Fresh Food Markets, Inc.*, 1988 U.S. Dist. Lexis 2553 (E.D. Pa. 1988), in arguing that the evidence is sufficient to allow a jury to find that she was completely restrained by the duress and coercion even if she was not physically restrained, and that a jury could therefore find she was falsely imprisoned. However, a store employee in *Pinkett* actually grabbed the plaintiff by the arm while telling her that she was not going to leave until she opened her bag.  The plaintiff there was able to leave only after *she* called a store security officer and showed him the contents of her handbag.  We think the physical force that was present in *Pinkett* is sufficient to distinguish that case from this one.

**III.**

For the reasons set forth above, we affirm the district court's grant of summary judgment based on Plaintiff's failure to establish a *prima facie* case of false imprisonment.