**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1896
_____

JAMES S. STRINGER,

                                    Appellant

v.

THE PITTSBURGH POLICE; OFFICER DAVID SISAK;
JOHN DOE POLICE OFFICERS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-cv-01051)
District Judge:  Honorable Gary L. Lancaster
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2010

Before:  BARRY, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 27, 2011)

_____

OPINION
_____

PER CURIAM

        James S. Stringer appeals pro se from the District Court's order entering summary

judgment in favor of the defendants.  For the following reasons, we will affirm.

I.

In November 2006, Pittsburgh police officer David Sisak stopped Stringer's car after running his license plate and learning that it was registered to a different vehicle. Sisak questioned Stringer and ultimately arrested him for displaying a counterfeit license plate in violation of 75 Pa. C.S. § 7122(3). Stringer spent 12 days in jail, some part of which resulted from a subsequently discovered detainer. He later produced paperwork demonstrating that he had properly transferred the license plate from an older car to the one he was driving, and the charge against him was dismissed.

Stringer then filed suit under 42 U.S.C. § 1983 against Officer Sisak, the Pittsburgh police department, and "John Doe" police officers. Stringer (who is African-American) alleged wrongful arrest in violation of the Fourth Amendment, racial profiling in violation of the Fourteenth Amendment, and wrongful arrest and malicious prosecution under Pennsylvania law. Stringer filed his complaint through counsel, but counsel later withdrew and Stringer proceeded pro se. The defendants filed a motion for summary judgment on Stringer's federal claims, which Stringer opposed. Stringer also filed a motion to amend his complaint to add the City of Pittsburgh and several of its employees as defendants.

By order entered February 25, 2010, the District Court: (1) entered summary judgment in favor of Officer Sisak and the City (which it construed Stringer to have named by naming the police department) on Stringer's federal claims; (2) exercised supplemental jurisdiction over Stringer's state-law claims and sua sponte entered

2

summary judgment in favor of the defendants on those claims as well; and (3) denied

Stringer's motion for leave to amend. Stringer appeals.[1]

## II.

The District Court concluded that Stringer had not submitted any evidence in support of his claims. Stringer's Fourth Amendment claim required him to prove that Officer Sisak arrested him without probable cause. See Berg v. County of Allegheny, 219 F.3d 261, 268-69 (3d Cir. 2000). An absence of probable cause is one element of the state-law torts of false arrest and malicious prosecution as well. See Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994) (false arrest); Lippay v. Christos, 996 F.2d 1490, 1502 (3d Cir. 1993) (malicious prosecution under Pennsylvania law). Finally, Stringer's Fourteenth Amendment claim required him to prove that defendants' actions "(1) had a discriminatory effect and (2) were motivated by a discriminatory purpose." Bradley v. United States, 299 F.3d 197, 205 (3d Cir. 2002).[2]

---

[1] The District Court had jurisdiction over Stringer's federal claims pursuant to 28 U.S.C. § 1331 and his state-law claims pursuant to 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the entry of summary judgment. See Sheridan v. NGK Metals Corp., 609 F.3d 239, 250 n.12 (3d Cir. 2010). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)). A plaintiff faced with a properly supported summary judgment motion "cannot avert summary judgment by resting on the allegations in his pleadings, but rather must present evidence from which a jury could find in his favor." Id. Stringer has not challenged on appeal the District Court's denial of his motion for leave to amend, its exercise of supplemental jurisdiction over his state-law claims, or its consideration of summary judgment on those claims sua sponte. Nevertheless, we perceive no reversible error in those rulings.

[2] Stringer had to prove additional elements to hold the City of Pittsburgh liable for

The District Court entered summary judgment on these claims because it concluded that Stringer had presented no evidence raising a triable issue of fact. We agree that Stringer presented no evidence in support of his Fourteenth Amendment claim, and he does not argue otherwise on appeal. The only substantive question is whether he presented evidence sufficient to raise an inference that Officer Sisak arrested him without probable cause. In support of defendants' summary judgment motion, Officer Sisak submitted an affidavit stating, inter alia, that he arrested Stringer after discovering the discrepancy with the license plate because Stringer was unable to produce a temporary registration authorizing its transfer to the vehicle he was driving. Stringer argues that he in fact showed Officer Sisak the temporary registration and that the parties' dispute on this point creates a genuine issue for trial.

We will assume without deciding that Stringer's contention that he showed Officer Sisak a proper temporary registration would have raised a triable issue of fact if he had supported it with evidence at the summary judgment stage. Stringer, however, cited no such evidence in the District Court and cites none on appeal. Stringer took no discovery. He also did not submit an affidavit setting forth his own version of events, as even pro se prisoners are expected to do. See Giles v. Kearney, 571 F.3d 318, 326 (3d Cir. 2008). Stringer's responses to defendants' interrogatories are of record because the defendants submitted them, but, as they argue, Stringer admitted in those responses that "I will

_____

any violation by Officer Sisak, see Berg, 219 F.3d at 275-76, but Stringer has raised no issue of municipal liability on appeal and we agree with the District Court that he was not entitled to proceed with his claims against Officer Sisak in any event.

4

accept that [Officer Sisak] had the legal authority to arrest me as he did[.]" (Dist. Ct. Docket No. 25-2 at 11 ¶ 6.) Stringer did not argue in the District Court that his interrogatory responses otherwise support his claim and has not so argued on appeal. Instead, the only item of evidence that Stringer cites in support of this argument is a copy of the temporary registration itself. The registration itself, however, is not probative of whether Stringer showed it to Officer Sisak at the time of his arrest. Stringer also argues that he specifically disputed Officer Sisak's account in his own statement of facts. That is true, but Stringer's statement "is not evidence." Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 n.8 (3d Cir. 2006).

Stringer's only remaining argument on appeal is that the District Court improperly held his summary judgment response to the same standard as a response by a trained litigant. In entering summary judgment, the District Court deemed defendants' statement of facts undisputed because Stringer, in his own statement, did not admit or deny defendants' averments on a paragraph-by-paragraph basis or cite evidence of record in support of his own averments as he was required to do by both court order (Dist. Ct. Docket No. 20) and local rule (W.D. Pa. R. 56.(c)(1)). We find no reversible error in this regard. Although the District Court initially stated that it would deem defendants' statement of facts undisputed for these reasons, it nevertheless went on to "carefully review[] the entire record for evidence, in deference to plaintiff's pro se status." (Dist. Ct. Docket No. 40 at 16.) The District Court evidently located no evidence calling Officer Sisak's account into question, and Stringer has cited none on appeal.

5

We sympathize with Stringer for having experienced what were serious and no doubt troubling events. Because he did not come forward with evidence in support of his claims, however, we have no basis to disturb the District Court's entry of summary judgment. Accordilly, we will affirm.