629 A.2d 971

Kelce MOSLEY, Lloyd Rohanna, James Rizor, Robert
Elliott and Stephen Love, Appellees,

v.

David F. POLLOCK, Appellant.

Superior Court of Pennsylvania.

Submitted April 14, 1993.

Filed Aug. 6, 1993.

David F. Pollock, in pro per.

William R. Nalitz, Waynesburg, for appellees.

Before WIEAND, POPOVICH and HESTER, JJ.

WIEAND, Judge:

The issue in this appeal is whether a District Attorney is entitled to be reimbursed under 42 Pa.C.S. § 8547 for counsel fees incurred in defending an action by county officials to remove him from an ongoing criminal investigation into county investment practices. The trial court held that the statute did not contemplate such reimbursement and dismissed a petition therefor. After careful review, we affirm.

David F. Pollock, Esquire, is the District Attorney of Greene County. In the year 1990, he was engaged in a criminal investigation regarding the manner in which county funds were being invested. As a consequence, he was named as a defendant in two separate legal actions commenced by the county solicitor on behalf of Kelce Mosley, Lloyd Rohanna and James Rizor, county commissioners; Robert Elliott, county treasurer; and Stephen Love, county administrator. In one of these actions a claim was made against Pollock for defamation. The trial court granted preliminary objections in the nature of a demurrer in this action in favor of Pollock, and the order was affirmed on appeal. See: *Mosley v. Observer Publishing Co.*, 422 Pa.Super. 255, 619 A.2d 343 (1993). Pollock thereafter petitioned the court to be reimbursed by

Greene County for the counsel fees which he had incurred in defending the defamation action. This petition was allowed, and Greene County did not appeal. It is not directly involved in the present appeal.

In a second action filed by officials of Greene County, the court was requested to remove Pollock from the investigation because of an alleged conflict of interest. In his place, the court was urged to direct the Attorney General to continue the investigation. A demand was also made against Pollock, in an amended petition, for the award of legal fees and costs. Pollock retained independent counsel to represent him in the action. The trial court found no basis for the action but concluded nevertheless that Pollock should discontinue his investigation of the plaintiff officials and that the Attorney General should be requested to intervene and prosecute if investigation revealed that there had been criminal conduct. It does not appear that Pollock was required by the court's order to pay legal fees or costs to Greene County. A petition for reimbursement of counsel fees incurred by Pollock in the amount of $4,494.38, however, was denied. It is this denial which is the subject of the present appeal.

In urging that counsel fees be paid by the County, Pollock relies on the provisions of 42 Pa.C.S. § 8547. The provision of the statute is as follows:

### § 8547. Legal assistance

(a) **Mandatory provision of legal assistance generally.**—When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and it is alleged that the act of the employee which gave rise to the claim was within the scope of the office or duties of the employee, the local agency shall, upon the written request of the employee, defend the action, unless or until there is a judicial determination that such act was not within the scope of the office or duties of the employee.

(b) **Optional provision of legal assistance generally.**— When an action is brought against an employee of a local

agency for damages on account of an injury to a person or property, and it is not alleged that the act of the employee which gave rise to the claim was within the scope of his office or duties, the local agency may, upon the written request of the employee, defend the action, and such undertaking to defend thereafter may be withdrawn only with the approval of the court. If the local agency has refused a written request to defend the action, and it is judicially determined that the act was, or that the employee in good faith reasonably believed that such act was, within the scope of the office or duties of the employee and did not constitute a crime, actual fraud, actual malice or willful misconduct, the local agency shall reimburse the employee for the expenses of his legal defense in such amounts as shall be determined to be reasonable by the court.

(c) **Control of litigation.**—When, pursuant to subsection (a) or subsection (b), the local agency defends an action against an employee thereof at the request of the employee, it may assume exclusive control of the defense of the employee, keeping him advised with respect thereto, and the employee shall cooperate fully with the defense, except that in situations where the legal counsel provided by the local agency determines that the interests of the employee and the local agency conflict, the local agency shall obtain the express written consent of the employee for such interested representation or shall supply independent representation. 1980, Oct. 5, P.L. 693, No. 142, § 221(1), effective in 60 days.

[1] The statute, it is readily apparent, was intended to protect a public employee who is sued "for damages on account of an injury to a person or property" which occurred while the employee was engaged in the scope of his or her office or duties. Pollock has conceded that he would not have been entitled to hire independent counsel solely to defend against a petition that he be removed from a criminal investigation in favor of the Attorney General. The defense of such an action would be within the scope of the official duties and responsibilities of the District Attorney's office and would not support the payment of counsel fees to independent counsel.

Pollock argues, however, that when the petition was amended to include a claim for legal fees and costs, he was required to defend personally against a claim for damages made against him because of acts performed in the scope of his office and duties. When this occurred, he contends, he became entitled to hire independent counsel whose fees should be paid by Greene County.

The statute, as interpreted by the Supreme Court, was intended to guarantee that public employees suffer no financial loss while defending acts performed within the scope of their employment. *Wiehagen v. Borough of North Braddock*, 527 Pa. 517, 523–524, 594 A.2d 303, 306 (1991). To accomplish this purpose, emphasis must be placed on that portion of the statute which provides for indemnification for damages incurred as a result of acts within the scope of the employee's office or duties. Less emphasis may be placed on the nature of the claim for damages which was made. It follows that where a District Attorney is sued personally for damages, including legal fees and costs, he is entitled to employ independent counsel to defend himself and be reimbursed for the cost thereof.

We disagree, however, with appellant's contention that after a claim has been made for legal fees and costs he can then abdicate his responsibilities as District Attorney and hire independent counsel, at the County's expense, to defend against the petition to restrain him from further investigating the County's investment practices. He was being paid as District Attorney to perform the duties of his office, and neither the statute nor common sense will allow him to assess the taxpaying public twice for the same services.

Unfortunately, appellant's claim is in a form which makes it impossible to determine whether any part of the fees of independent counsel were attributable to the defense of damage claims made against appellant individually. Because he failed to plead or establish the separate cost of counsel fees incurred in defending the claim for damages made against him personally, the trial court could properly deny his petition for

counsel fees. He was not entitled to employ independent counsel to defend against the action to compel removal of the District Attorney from the investigation of investment practices in Greene County.

Order affirmed.