Junior JOHNSON and Joann Johnson, parents of David Johnson, deceased; Tiesha Johnson, Patsy Rosendary, as Personal Representative and Administratrix of the Estate of David Johnson and on behalf of David Johnson, Paulette Rosendary, a minor, by Patsy Rosendary, her guardian, Jomaal Fard Parramore, a minor, by Vora Parramore, his guardian, Nikisha Mims, a minor, by Cynthia Mims, her guardian, Plaintiffs,

v.

CITY OF ERIE, PENNSYLVANIA, City of Erie Police Department; Mayor Joyce Savocchio, Individually and in her capacity as Mayor of Erie, Pennsylvania; Chief Paul Dedionisio, Individually and in his capacity as Chief of Police of Erie, Pennsylvania; and Charles Bowers, David J. Shroeck, William J. Peters, Luke Yates and Does 1–7 as Police Officers of the City of Erie, Pennsylvania, Defendants.

Civ. A. No. 93–18 Erie.

United States District Court,
W.D. Pennsylvania.

Oct. 7, 1993.

Melvin T. Toran, Sr., Erie, PA, for plaintiffs.

Gary D. Bax, Murphy Taylor & Trout, P.C., Erie, PA, for defendants.

### MEMORANDUM OPINION

MENCER, District Judge.

This action was filed due to the death of David Johnson during a confrontation with officers of the City of Erie Police Department on July 16, 1991. Presently before the court is defendant's second motion to dismiss and/or strike plaintiffs' second amended complaint. For the following reasons, defendants' motion is denied in part and granted in part.

By previous order of this court, dated June 3, 1993, plaintiff was required to alter its first amended complaint in a number of ways to bring it into compliance with the directives of Federal Rules of Civil Procedure 8(a), 12(b), and 12(f). The court was, and remains, of the opinion that with the required alterations the complaint adequately puts the defendants on notice of the allegations against them. However, the court will order as follows in response to the concerns raised by defendants in the instant motion.

1. *Paragraph 1 of Plaintiffs' Second Amended Complaint*

As an initial matter, the court will grant defendants' motion to strike paragraph 1 of the second amended complaint for failure to comply with Federal Rules of Civil Procedure 8(e) and 10(b). The rambling averments in paragraph 1 span four pages and are unsuited to a responsive pleading. As

far as the court can tell, all of these averments are properly presented in the more than 100 subsequent paragraphs.

### 2. *The Sufficiency of Plaintiffs' Section 1983 Claim*

■ As we observed previously, the gravamen of plaintiffs' complaint is that Mr. Johnson suffered fatal blows while in the custody of the City of Erie Police Department. Officer Charles Bowers allegedly restrained Mr. Johnson in a choke-hold that led to Mr. Johnson's death. The defendant police officers and their supervisors, as well as city of Erie officials, are alleged to have deprived Mr. Johnson of his civil rights in the course of these events.

Plaintiffs have pleaded facts including the following: "that, for a five year period prior to July 16, 1991, Officer Bowers was involved in a number of Complaints relating to his treatment of black persons in his custody"; "that without provocation, Officer Bowers, in the booking area of the police station, brutally fractured the jaw" of another person in his custody; "that Mayor Savocchio has had discussion with . . . the Justice Department representative in Community Relations Services . . . relating to the need for training of the City of Erie Police, as that training would relate to improving police" relations with African Americans.

■ Under section 1983, the defendants may be held liable only if the alleged conduct "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." *Colburn v. Upper Darby Township,* 838 F.2d 663, 671 (3d Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989), quoting *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). According to the court in *Colburn,* "an 'official policy' may be inferred from informal acts or omissions of supervising municipal officials." *Id.* at 671, 98 S.Ct. at 2026, quoting *Estate of Bailey by Oare v. County of York,* 768 F.2d 503, 508 (3d Cir.1985).

The sufficiency of the current plaintiffs' claim ·is supported by a recent Supreme Court decision, *Leatherman v. Tarrant,* —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), which suggests that the *Colburn* standard for pleading section 1983 claims may be too stringent. *See Barnes v. City of Coatesville,* 1993 WL 273406 (E.D.Pa. July 9, 1993) (questioning the continuing viability of *Colburn* following *Leatherman* ). In *Colburn,* the plaintiff sufficiently stated a claim against Upper Darby Township for a "custom of laxity" by alleging that two suicides had occurred in its jail cells prior to the plaintiff's suicide. *Id.* at 672. Against this background, plaintiffs' allegations regarding previous conduct by Officer Bowers and city officials satisfy the factual specificity required to state a claim under 42 U.S.C. § 1983.

### 3. *Unconstitutional Interference With Family Relationship*

■ In this court's previous order, we dismissed Mr. Johnson's parents and children as parties because the complaint, as drafted, made no allegation for the deprivation of the civil rights of these family members. However, the dismissal was expressly made without prejudice and the court cited caselaw recognizing a constitutionally protected interest of family members under similar circumstances. *See Agresta v. Sambor,* 687 F.Supp. 162, 163 (E.D.Pa.1988).

In their Second Amended Complaint, the plaintiff parents and children allege a deprivation of their civil rights. They aver that they maintained a close and loving relationship with the decedent and that the relationship "was extinguished by the defendant's unconstitutional actions."

In the instant motion, defendants allege that the complaint's Fifth and Sixth Claims for Relief fail to state claims for unconstitutional interference with family relations. As grounds for the dismissal, defendants emphasize plaintiffs' inclusion of First Amendment rights among those they seek to vindicate in this lawsuit. Defendants assert, "These

First Amendment claims are not recognized by the Courts."

Plaintiffs state at the outset of the second amended complaint that their action is brought under various civil rights laws "and the First, Fourth and Fourteenth Amendments to the United State Constitution." Subsequently, in the Fifth and Sixth Claims for Relief, plaintiffs make more general mention of rights secured by the Constitution, including the First Amendment. Defendants allege that plaintiffs rely on the First Amendment to the exclusion of the Fourteenth Amendment in these claims for relief, and that this is "a fatal defect" in the second amended complaint.

The Third Circuit has upheld the right of a parent whose child died as a result of unlawful state action to maintain a suit under section 1983 for deprivation of liberty. *See Estate of Bailey by Oare v. County of York*, 768 F.2d 503, 509 (3d Cir.1985). However, there is disagreement among courts recognizing the right over its constitutional underpinnings. "Most courts hold that a parent's right to association and companionship with a child is a substantive due process right, however, the Tenth Circuit has concluded that this right arises from the first amendment right to freedom of intimate association." *Agresta v. Sambor*, 687 F.Supp. 162, 163 (E.D.Pa.1988) (citations omitted).

■ Given this background, we do not consider "fatal" plaintiffs' good faith assertion of a First Amendment basis to their claim for relief. A motion to dismiss is not the proper forum for resolving the debate about the constitutional underpinnings of surviving family members' claims in a civil rights action. The specificity rule in civil rights cases is meant to balance the rights of local government officials not to be subjected to the burden of trial on claims that are legally insufficient, and the rights of plaintiffs who have been injured as a result of actions or practices which the civil rights laws are designed to redress. *See Freedman v. City of Allentown*, 853 F.2d 1111, 1114 (3d Cir. 1988). The legal sufficiency of plaintiffs' claim, when the allegations are construed in a light most favorable to them, is apparent.

■ In assessing a motion to dismiss a civil rights claim, the crucial questions are whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer. *See Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir.1988), cert. denied, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989), quoting *Frazier v. Southeastern Pennsylvania Transportation Authority*, 785 F.2d 65, 68 (3d Cir.1986). "We have routinely held that complaints comply with this standard if they allege the specific conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officers." *Id.* We find that plaintiffs' second amended complaint complies with this standard regarding the claims asserted by the decedent's parents and children.

4. *Standard for Liability Under Section 1983 and the Due Process Clause*

■ Defendants aver that plaintiffs' second amended complaint must be dismissed to the extent that it alleges negligence against the police officers. Defendants call the court's attention to five paragraphs in the complaint that contain express allegations as to the negligence of one or more of the police officer defendants. It is well established that ordinary negligence is not actionable under section 1983 and the Due Process Clause. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986).

In their brief opposing the instant motion, plaintiffs fail to explain the focus on negligence in the complaint, instead asserting that the conduct of the police was not "objectively reasonable" in light of the facts and circumstances. Plaintiffs state that their claims are based "on recklessness, and excessive force used by Officer Bowers by applying blunt force trauma to the throat of Mr. Johnson, which caused his death."

Currently in this Circuit, there is some question regarding the standard for liability under section 1983 in cases alleging police misconduct. In *Fagan v. City of Vineland*, involving death during a police pursuit, the Third Circuit held that the standard for liability under section 1983 and the Due Pro-

cess Clause is whether the defendant police officers acted with a reckless indifference to public safety. *See Fagan v. City of Vineland,* 1993 WL 290386, *8 (3d Cir.1993), *vacated & reh'g granted,* 5 F.3d 647 (3d Cir. 1993). The *Fagan* court rejected the more stringent standard that the defendant police officer's conduct must "shock the conscience" for such liability to attach, *id.* 1993 WL 290386 at *8, however the opinion was vacated and the case will be heard in banc.

Pending further guidance from the Circuit on the standard of liability under section 1983, we decline to dismiss the claims against the police officer defendants to the extent that they allege conduct that was at least reckless on the part of the officers. In addition, we take note of the court's observation in *Fagan* that the state of mind of a police officer is not dispositive of a municipality's liability under section 1983:

A jury might conclude that [a police officer] was not reckless because he acted in good faith according to his training and was unaware of the risks to the public. His lack of the required mental state, however, does not necessarily negate the underlying constitutional injury. The plaintiff has still suffered the kind of harm—deprivation of life or liberty—which the Constitution protects against. If the officer, negligently or otherwise, inflicted that harm because he was following a city policy reflecting the city policymakers' deliberate indifference to constitutional rights, then the City is directly liable under section 1983 for causing a violation of the plaintiff's Fourteenth Amendment rights.

*Fagan v. City of Vineland,* 1993 WL 290386, *8 (3d Cir.1993), *vacated & reh'g granted,* 5 F.3d 647 (3d Cir.1993).

In the instant case, it is alleged that City of Erie authorities failed to correct known problems involving race relations, including certain officers' alleged mistreatment of African Americans. Plaintiffs allege that the choking of Mr. Johnson by Officer Bowers, and the failure of the defendants to provide resuscitation or to take him to a hospital, "was a deliberate indifference and a malicious intentional deprivation of Mr. Johnson's civil rights." Despite plaintiffs' occa-

sional use of negligence terms, overall the complaint alleges a level of culpability sufficient to withstand the motion to dismiss.

5. *Political Subdivision Tort Claims Act*

Plaintiffs' Fourth Claim for Relief addresses indemnification of the individual defendants by the defendant municipality. Defendants move for the dismissal of this Claim for Relief on the grounds that, first, it seeks to enforce a right which runs to the local government, and, second, the claim is premature.

Plaintiffs' Fourth Claim for Relief states in its entirety:

42 U.S.C. Section 1988. To the extent of personal resources of the individual defendants herein are deficient in the amounts necessary to furnish a suitable remedy to plaintiffs, defendant, City of Erie, is liable for such deficiencies pursuant to the Political Subdivision Tort Claims Act. Further, allow reasonable attorney's fees as part of the cost.

The Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 *et seq.* (the "Act"), provides in pertinent part:

When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and he has given timely prior written notice to the local agency, and it is judicially determined that an act of the employee caused the injury and such act was, or that the employee in good faith reasonably believed that such act was, within the scope of his office or duties, the local agency shall indemnify the employee for the payment of any judgment on the suit.

42 Pa.C.S. § 8548(a).

The case relied on by both plaintiffs and defendants on this issue is *Wiehagen v. Borough of North Braddock,* 527 Pa. 517, 594 A.2d 303 (1991). We find *Wiehagen* supports defendants' position that the Act is not meant to provide a cause of action for a plaintiff in an underlying action. As the Pennsylvania Supreme Court observed, the purpose of the statute "is to permit local agency employees to perform their official duties without fear of personal liability, whether pursuant to state

or federal law, so long as the conduct is performed during the course of their employment." *Id.* 594 A.2d at 306. *See also Mosley v. Pollock,* —— Pa.Super. ——, 629 A.2d 971 (Pa.Super.1993).

■ Even assuming that the instant plaintiffs had standing to bring a claim under the Act, that claim would be premature. "The duty to indemnify under [the Act] arises once there is a judgment determining that an act of the employee caused the injury. There has been no such judicial determination here." *Murray v. Zarger,* 129 Pa.Cmwlth. 611, 566 A.2d 645, 647 (1989). For these reasons, plaintiffs' Fourth Claim for Relief will be dismissed without prejudice to any duty of indemnification that the municipality may owe to the defendants under the Act.

## 6. *Punitive Damages*

■ Plaintiffs' complaint requests relief, including punitive damages, from all of the named defendants. In their motion to dismiss, defendants challenge this "blanket claim for punitive damages" on the basis that punitive damages may not be awarded against a municipality under section 1983. *See City of Newport v. Fact Concerts Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

The court agrees with defendants on this matter and dismisses the punitive damages claims with respect to the city of Erie. Furthermore, plaintiffs' claims for punitive damages against the defendants in their official capacities represent an action against the municipality, and must be likewise dismissed. *See Brandon v. Holt,* 469 U.S. 464, 467–77, 105 S.Ct. 873, 875–81, 83 L.Ed.2d 878 (1985).

■ Punitive damages claims may, however, be brought against individual defendants and therefore the claims against the officers, the mayor and the police chief may proceed. *Fact Concerts,* 453 U.S. at 266–67, 101 S.Ct. at 2759–60; *Carroll v. Bristol Township,* 827 F.Supp. 332, 335 (E.D.Pa. 1993).

## 7. *The Doe Defendants*

■ Defendants have moved to dismiss the complaint as to the fictitiously named "Doe" police officer defendants. These defendants allegedly conspired to conceal the circumstances of Mr. Johnson's death during the period that Mr. Johnson's body was on the concrete floor of the police department garage.

There is conflicting authority on the question of whether fictitiously named defendants must be dismissed. *Compare Agresta v. City of Philadelphia,* 694 F.Supp. 117, 119 n. 1 (E.D.Pa.1988) (where unknown party has been sued under fictitious name, court will dismiss the defendant who has only been fictitiously named) with *Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34 (E.D.Pa.1990) (fictitious names may be used until plaintiff has reasonable opportunity to learn their identities through discovery).

Given the alleged circumstances of Mr. Johnson's death, we will follow *Scheetz,* and allow the Doe defendants to stand in for the alleged real parties until discovery permits the intended defendants to be installed. *Scheetz,* 130 F.R.D. at 36. *See also Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980) (Doe defendants permissible while plaintiffs attempt to discover unknown defendants through discovery).

## 8. *The City of Erie Police Department as Defendant*

■ Defendants move for dismissal as a defendant of the City of Erie Police Department on the grounds that it has no corporate identity separate from the City of Erie, and is not a person subject to jurisdiction of the civil rights statutes. Plaintiffs, do not dispute that the Department lacks a separate corporate identity, but argue that the Department is a person for purposes of section 1983 under *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ While *Monell* clearly holds that a local government is a person subject to suit, 436 U.S. at 690, 98 S.Ct. at 2036, we reject plaintiffs' argument that each governmental sub-unit or department is a person distinct from the government at large. The City of Erie Police Department is a sub-unit of the city government and, as such, is merely a

vehicle through which the city fulfills its policing functions. *See Williams v. Dayton Police Department,* 680 F.Supp. 1075, 1080 (S.D.Ohio 1987), citing *Shelby v. City of Atlanta,* 578 F.Supp. 1368 (N.D.Ga.1984); *Elam v. Montgomery County,* 573 F.Supp. 797 (S.D.Ohio 1983).

The numerous courts that have considered the question of whether a municipal police department is a proper defendant in a section 1983 action have unanimously reached the conclusion that it is not. *PBA Local No. 38 v. Woodbridge Police Dept.,* 832 F.Supp. 808, 826 (D.N.J.1993) (collecting cases). As a sub-unit of the City of Erie government, we find the police department an improper and unnecessary party to this action and will grant the motion to dismiss the department.

An Order will be entered consistent with this Opinion.

## *ORDER*

AND NOW, this 7th day of October, 1993,

After careful consideration, and a review of the pleadings and briefs filed by the parties, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS ORDERED that Defendants' Motion to Dismiss and/or Strike Plaintiff's Second Amended Complaint Pursuant to Fed. R.Civ.P. 12 is GRANTED in part and DENIED in part, to wit,

IT IS ORDERED that

(1) Defendants' motion to strike Paragraph 1 of Plaintiffs' Second Amended Complaint is GRANTED, and Paragraph 1 of Plaintiffs' Second Amended Complaint is struck;

(2) Defendants' motion to dismiss for failure to specify actions that allegedly resulted in the denial of Mr. Johnson's civil rights is DENIED;

(3) Defendants' motion to dismiss Junior Johnson, Joann Johnson, Paulette Rosendary, Jomaal Fard Parramore, Tiesha Johnson and Nikisha Mims as plaintiffs is DENIED.

(4) Defendants' motion to dismiss all defendants for failure to allege the proper standard of liability under Section 1983 is DENIED;

(5) Defendants' motion to dismiss plaintiffs' Fourth Claim for Relief, regarding indemnity under the Pennsylvania Subdivisions Tort Claims Act, is GRANTED, and plaintiffs' Fourth Claim for Relief is dismissed;

(6) Defendants' motion to strike plaintiffs' claim for punitive damages is GRANTED, with respect to the City of Erie and the defendants in their official capacities, and DENIED with respect to the defendants in their individual capacities;

(7) Defendants' motion to dismiss the "Doe" defendants is DENIED; and

(8) Defendants' motion to dismiss the City of Erie Police Department is GRANTED, and the City of Erie Police Department is dismissed as a defendant.