**Marianne MITROS,**

v.

**Borough of Glenolden, Police Chief Edward COOKE, Borough of Glenolden Police Department, and Christopher J. Scaggs.**

**No. CIV. A. 01–2734.**

United States District Court,
E.D. Pennsylvania.

July 24, 2001.

Richard Haaz, Agins Haaz & Seidel, Philadelphia, PA, for plaintiff.

William F. Holsten, II, Paola F. Tripodi, Holsten & White, Media, PA, for defendant.

## MEMORANDUM

PADOVA, District Judge.

This matter arises on Defendants Police Chief Edward Cooke and Borough of Glenolden Police Department's Motion to Dismiss the Complaint and Borough of Glenolden's Motion to Dismiss Certain Portions of the Complaint. For the reasons that follow, the Court grants in part and denies in part said Motions. Specifically, the Court dismisses all claims against Defendant Borough of Glenolden Police Department. The Court denies the Motion to dismiss the § 1983 claim against Defendant Police Chief Edward Cooke. The Court dismisses the punitive damages claim on the federal claims with respect to the Borough of Glenolden and Defendant Police Chief Edward Cooke in his official capacity, but denies the motion to dismiss the punitive damages claim against Defendant Cooke in his individual capacity.

## I. Background

Plaintiff Marianne Mitros ("Mitros") brings this federal civil rights action pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1988 seeking compensatory and punitive damages related to her alleged sexual as-

sault by a police officer. Mitros also brings related state tort claims. She alleges that on June 4, 2000, Defendant Christopher Scaggs ("Scaggs"), a Glenolden Police Officer, came to her home in response to a domestic dispute between her and her 10-year-old daughter. After resolution of the matter, and while alone with Plaintiff, Scaggs allegedly sexually assaulted her against her will. After Scaggs left the residence, Plaintiff dialed "911" to report the incident. Scaggs, as the officer on duty, was sent to respond to the call, and he sexually assaulted her again.

Plaintiff brings this suit against Scaggs, the Borough of Glenolden ("Borough"), the Borough of Glenolden Police Department ("Police Department"), and Glenolden Police Chief Edward Cooke ("Cooke"). Plaintiff alleges that Scaggs had a prior history of harassing and assaulting females while on the duty, and that the Department and Police Chief Cooke knew of this history. She claims they failed to properly train Scaggs and were deliberately indifferent to his use of force and violence, and that they condoned, approved, acquiesced, tolerated, and allowed Scaggs' behavior to continue.

## II. Legal Standard

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff can prove no set of facts in support of the claim that would entitle her to relief. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994). The reviewing court must consider only those facts alleged in the complaint and accept all of the allegations as true. *Id.*

## III. Discussion

### A. Claims Against Police Chief Cooke [1]

Defendant Cooke seeks to dismiss the claim against him on the basis that the Complaint fails to allege that Defendant was acting outside his capacity as police chief. Defendant relies upon *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), in which the United States Supreme Court held that state officials acting only in their official capacities may not be sued § 1983, because such suits would be no different from suits against the state itself, which are barred by the Eleventh Amendment. *Id.* at 71, 109 S.Ct. 2304. Plaintiff, relying on *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983), responds that an individual defendant can be held liable in his individual capacity for compensatory and punitive damages if the defendant's conduct can be shown "to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith,* 461 U.S. at 56, 103 S.Ct. 1625.

 *Will* is inapposite here because Cooke is an officer of the Borough of Glenolden, and not of the state. Where a suit is brought against a public officer in his official capacity, the suit is treated as if the suit were brought against the governmental entity of which he is an officer. *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). Municipalities and other local government units can be sued under § 1983 for allegedly unconstitutional action which implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, as well as constitutional deprivations result-

---

**1.** Defendant Cooke purportedly seeks to dismiss all claims against him; however, he fails to address the state tort claims or the § 1985(3) claims. In the absence of an application to dismiss these other claims, the Court confines its discussion to the § 1983 claim.

ing from governmental customs. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Complaint here brings a *Monell* claim. Therefore, *Will* would not bar the claim against Cooke.[2]

■ Furthermore, to the extent the Complaint brings the suit against Defendant Cooke in his individual capacity,[3] whether the damages suit is barred would be governed by the doctrine of qualified immunity.[4] Government officials have qualified immunity from suit under § 1983 so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sharrar v. Felsing*, 128 F.3d 810, 826 (3d Cir.1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The defendant has the burden of pleading and proving qualified immunity.[5] *Harlow*, 457 U.S. at 815, 102 S.Ct. 2727. Because Defendant does not raise the issue of qualified immunity on the instant Motion to dismiss, the Court need not address it. The Court denies the motion to dismiss the claims against Cooke.

### B. Claims Against the Police Department

■ Defendant Police Department seeks to dismiss the Complaint on the grounds that the Police Department is merely an administrative arm of the Borough of Glenolden, and not a separate entity for purposes of suit. Plaintiff does not address this contention. The city police department is a sub-unit of the city government that is merely a vehicle through which the city fulfills its policing functions, and is not a separate entity for purposes of suit. *See McMahon v. Westtown–East Goshen Police Dept.*, No. Civ.A. 98–3919, 1999 WL 236565, 1999 U.S. Dist. LEXIS 5551, at *4 (E.D.Pa. Apr. 22, 1999) (citing *Johnson v. City of Erie*, 834 F.Supp. 873, 878–79 (W.D.Pa.1993) and *Agresta v. City of Philadelphia*, 694 F.Supp. 117, 119 (E.D.Pa.1988)). In this case, there are no allegations that the Police Department has a separate corporate existence from that of the Borough of Glenolden. The Court therefore dismisses all claims against the Police Department. *See Setchko v. Township of Lower Southampton*, Civ.Act. No. 00–3659, 2001 WL 229625, 2001 U.S. Dist. LEXIS 2361, at *6 (E.D.Pa. Mar. 8, 2001) (dismissing all claims against police department).

### C. Punitive Damages Claims

■ The Complaint includes a request for punitive damages. Defendants seek to dismiss the punitive damages claim. With respect to the Borough of Glenolden, punitive damages claims are barred against municipalities under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). This punitive damages bar also applies to actions brought

---

**2.** Neither is Plaintiff's citation to *Smith* relevant. *Smith* governs the standard for awarding of punitive damages. *Smith*, 461 U.S. at 56, 103 S.Ct. 1625.

**3.** Plaintiff's Complaint does not explicitly state whether the suit against Cooke is brought against him in his official capacity, in his individual capacity, or both. From the allegations in the Complaint, however, the Court concludes that the suit is brought

against Cooke in both his official and individual capacity.

**4.** Based on the allegations in the Complaint, absolute immunity doctrines would not apply.

**5.** In an official-capacity action, qualified immunity defenses are unavailable. *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).

under § 1985. *Doe v. Dendrinos,* Civ.Act. No. 95–4471, 1995 WL 695092, 1995 U.S. Dist. LEXIS 17419, at *14 (E.D.Pa. Nov. 22, 1995) (citing *Bell v. City of Milwaukee,* 746 F.2d 1205, 1270–71 (7th Cir.1984)). Thus, to the extent Plaintiff seeks punitive relief against the Borough on its federal civil rights claims, the Court dismisses the prayer for punitive damages relief. Similarly, to the extent that Plaintiff seeks punitive damages against Defendant Cooke in his official capacity only, such punitive damages claim is barred, just as it is barred against the Borough. *See City of Newport,* 453 U.S. at 271, 101 S.Ct. 2748. The Court therefore dismisses the punitive damages claim with respect to Defendant Cooke in his official capacity.

■ However, an individual defendant may be held liable in his individual capacity for punitive damages if the actions are motivated by "evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Plaintiff alleges that Defendant Cooke "condoned, approved, acquiesced, tolerated, and allowed" Officer Scagg's behavior to continue. Compl. ¶ 26. Broadly read, the allegations support a claim for punitive damages against Defendant Cooke in his individual capacity. The Court therefore denies the motion to dismiss the punitive damages claim with respect to Defendant Cooke in his individual capacity.

### IV. Conclusion

For the above reasons, the Court dismisses the Complaint in its entirety with respect to Defendant Police Department, and dismisses the punitive damages claim on his federal civil rights claims against the Borough of Glenolden and Defendant Cooke in his official capacity. The Court denies all other requests to dismiss the Complaint. An appropriate Order follows.

### *ORDER*

**AND NOW,** this 24th day of July, 2001, upon consideration of Defendants Police Chief Edward Cooke and Borough of Glenolden Police Department's Motion to Dismiss the Complaint and Borough of Glenolden's Motion to Dismiss Certain Portions of the Complaint (Doc. No. 11), and any responses thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** in part and **DENIED** in part. Specifically, it is **ORDERED** as follows:

1. Defendant Police Chief Edward Cooke's Motion to Dismiss the § 1983 claim is **DENIED.** The § 1983 claim may go forward against Defendant Cooke in his official and individual capacities.

2. Defendant Borough of Glenolden Police Department's Motion to Dismiss is **GRANTED.** The Complaint is dismissed in its entirety with respect to the Borough of Glenolden Police Department.

3. Defendants Police Chief Edward Cooke and the Borough's Motion to Dismiss the punitive damages claim is **GRANTED** in part and **DENIED** in part. The punitive damages claim as to the federal civil rights claims is dismissed with respect to Defendant Borough of Glenolden and Defendant Cooke in his official capacity only. The punitive damages claim may go forward against Defendant Cooke in his individual capacity.