

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2005

# Joseph v. W Manheim Pol Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3828

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Joseph v. W Manheim Pol Dept" (2005). *2005 Decisions.* Paper 1161.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1161

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3828
_____

ARTHUR D. JOSEPH,

Appellant

v.

WEST MANHEIM POLICE DEPT.;
FRANEK; WILDASIN

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-00531)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
MAY 6, 2005

Before: SLOVITER, BARRY AND FISHER, Circuit Judges.

(Filed May 18, 2005)

_____

OPINION
_____


PER CURIAM

Arthur D. Joseph, proceeding *pro se*, filed suit against the West Manheim Police

Department, West Manheim Chief of Police Walter Franek, and West Manheim Police

Officer Toby Wildasin, alleging claims under 42 U.S.C. § 1983 and state law.[1] Joseph's

claims arose from two separate police stops, which are described in greater detail in the

District Court's opinion. On May 14, 1999, Joseph was stopped by Wildasin on the

suspicion that he was driving under the influence of alcohol, and was charged with

driving under the influence of alcohol, possession of a small amount of marijuana for

personal use, traffic violations, and driving with an expired license. On August 10, 2000,

Franek issued Joseph a speeding citation after a traffic stop. The District Court granted

summary judgment in favor of Defendants on all claims but the Fourth Amendment and

malicious prosecution claims asserted against Franek. Joseph moved for reconsideration,

which the District Court denied. The District Court later dismissed the two remaining

claims against Franek upon notice that Joseph and Franek had entered into a settlement

agreement. Joseph appeals.

Judgment was properly entered in favor of the Township of West Manheim ("the

Township").[2] Joseph's claims pursuant to 42 U.S.C. § 1983 failed because they were

---

[1]He listed his claims against all Defendants as follows: (1) negligence; (2) entrapment; (3) bribery; (4) harassment; (5) wrongful arrest; (6) wrongful search and seizure; (7) wrongful imprisonment; (8) conspiracy; and (9) corruption. He also sued Wildasin for falsifying a legal document and Franek for falsifying legal documents, "using his position to intimidate or for personal gain," and "knowingly and willlingly accusing the innocent."

[2]Joseph named as Defendant the West Manheim Police Department ("the Department"), rather than the Township. Joseph could bring state law claims against the Department, under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541 ("the Tort Claims Act"). *See Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361, 367-68 (E.D. Pa. 2002). However, as the District Court determined, the Department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983. *See, e.g., Johnson v.*

based on a theory of respondeat superior liability, *see Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988), and an unsubstantiated allegation of a defective traffic stop policy, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Joseph's state law claims were barred by the immunity granted by the Tort Claims Act, to which no exceptions applied, despite Joseph's argument to the contrary. *See* 42 PA. CONS. STAT. §§ 8541, 8542(b), 8550 (2004).

Judgment was also properly entered in favor of Wildasin, who was sued in his official and individual capacities. Essentially, Joseph sued Wildasin for unreasonable search and seizure and malicious prosecution in violation of the Fourth Amendment and malicious prosecution under state law. All of these claims turn on whether Wildasin had probable cause to stop Joseph on May 14, 1999.

Wildasin had probable cause to stop and arrest Joseph. Probable cause exists when the information known to the officer warrants a reasonable law enforcement officer to believe an offense has been or is being committed by the person accused. *See Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000). As the District Court explains in more detail, before Wildasin stopped Joseph, he observed Joseph's behavior and demeanor in a convenience store and behind the wheel. Joseph does not dispute that he told a

---

*City of Erie*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). The District Court's decision to consider Joseph's federal claims as having been brought against the Township comported with rules of liberal construction of *pro se* pleadings; considering Joseph's state law claims as against the Township rather than the Department made no difference to the outcome.

convenience store clerk in Wildasin's presence that he had had too much to drink. He also admits that he swerved over road lines after having four drinks. It is also undisputed that, after Wildasin stopped Joseph, whose breath smelled of alcohol, Joseph admitted that he had been drinking and then failed a field sobriety test. The search of Joseph's vehicle, which led to a drug charge, was constitutional because it followed a valid arrest supported by probable cause. *See New York v. Belton*, 453 U.S. 454, 461 & n.4 (1981).

To the extent that Joseph's additional claims against Wildasin were cognizable and not subsumed into his Fourth Amendment and malicious prosecution claims, they were unsubstantiated. In fact, Joseph admitted that he was just venting his frustration when he included a conspiracy claim in his complaint. Joseph's reconsideration motion properly was denied.

Joseph presents no grounds for our consideration of his claims against Franek, because he voluntarily entered into a settlement agreement with Franek. A settlement agreement, voluntarily entered into, is binding on the parties. *See Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970). Joseph states that he wrote to the District Court, claiming that he made a mistake in entering into the settlement agreement because the costs of his lawsuit exceeded the settlement amount. However, he gave the District Court no reason to vacate the settlement, and he gives none to us. The settlement agreement resolved the claims against Franek.

For the reasons stated, the District Court's orders will be affirmed.