CLD-283                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1566
_____

MARVIN JOVAN JACKSON,
                                                        Appellant
v.

CITY OF ERIE POLICE DEPARTMENT; JUDGE THOMAS CARNEY;
JUDGE JOHN BOZZA; JUDGE ERNEST J. DISANTIS, JR.;
DISTRICT ATTORNEY ROBERT A. SAMBROAK, JR.;
LT. MICHAEL NOLAN; GENE P. PLACIDI;
UNIDENTIFIED RESPONDENT

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 14-cv-00003)
District Judge:  Honorable Nora B. Fischer

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 19, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 20, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Marvin Jackson appeals the District Court's order dismissing with prejudice the complaint he filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm. See Third Circuit LAR 27.4 and I.O.P. 10.6.

I.

Jackson alleged that his constitutional rights were violated as a result of procedural irregularities related to his arrest in 2008 and subsequent conviction. He claimed that he was searched and arrested without probable cause or warrant; that he was not given a Miranda warning at the time of his arrest; that his bail hearing was conducted by a Magistrate Judge wearing street clothes, as opposed to a robe; and that evidence was wrongly admitted during the course of his criminal trial. Jackson, who is still serving his sentence, claimed gross injury to his psyche and requested monetary damages. Among the defendants named were four judges who were allegedly involved in Jackson's criminal proceedings, the attorney who prosecuted Jackson's case, the criminal defense attorney who represented Jackson, the two arresting police officers, and the police department of Erie, Pennsylvania.

On the recommendation of the Magistrate Judge who screened the complaint, the District Court dismissed Jackson's complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b)(1). In doing so, the District Court held that the judges and prosecutor were immune from liability and that the claims against the police department failed on the independent basis that the department did not constitute a "person" under the meaning of § 1983. The claims against Jackson's defense attorney were dismissed on the ground that the attorney was not a state actor. Finally, the District Court held that the

2

remaining claims against the two police officers were not viable because Jackson failed to prove his conviction invalid, as required under Heck v. Humphrey, 512 U.S. 477 (1994), and, to the extent that Heck did not apply, the claims were time barred by the two-year statute of limitations. Jackson filed a timely appeal and a motion for the appointment of counsel.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We may summarily affirm if Jackson's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. Our review of the District Court's *sua sponte* dismissal of Jackson's complaint for failure to state a claim is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We may affirm on any ground supported by the record. Id.

We agree with the District Court that the judges and prosecuting attorney were immune from suit. See Stump v. Sparkman, 435 U.S. 349, 356 (1978); Imbler v. Pachtman, 424 U.S. 409, 431 (1976).[1] We further agree that Jackson's private defense attorney cannot be construed as a person acting under the "color of state law" within the meaning of § 1983. See Polk Cty. v. Dodson, 454 U.S. 312, 317-25 (1981).

---

[1] The § 1983 claims against the judges and prosecuting attorney are based on the alleged tort of malicious prosecution. These claims fail on the independent ground that Jackson did not and cannot prove an essential element of that tort: that his conviction and sentence have been invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009). To the extent that Jackson's claims against the other defendants also sound in malicious prosecution, they were properly dismissed for the same reason.

3

As to the remaining claims against the individual police officers and the police department, we concur with the District Court that they are either time barred or precluded by the favorable termination requirement of Heck v. Humphrey, 512 U.S. 477 (1994). The statute of limitations for a §1983 claim arising in Pennsylvania is two years. Kach v. Hose, 589 F.3d 626, 645-46 (3d Cir. 2009). Jackson alleged that he was wrongfully arrested and detained for a twenty-day period in 2008, prior to his preliminary hearing. Any claims for false arrest and false imprisonment would have accrued at the latest at the end of that twenty-day period. See Wallace v. Kato, 549 U.S. 384, 397 (2007) (a § 1983 claim "seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); see also Heck, 512 U.S. at 484 (internal quotations and citation omitted); Dique v. N.J. State Police, 603 F.3d 181, 185-88 (3d Cir. 2010). The record indicates that the twenty-day period concluded in late 2008, at which point the cause of action accrued and the limitation period began to run. Similarly, the statute of limitations for claims for wrongful searches and seizures would have begun to run at the time of the searches and seizures, alleged to have occurred in 2008. Id. Jackson initiated this lawsuit in January of 2014, well after the two-year period expired.[2]

---

[2] We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute "persons" against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part. See, e.g., Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). And the allegations in the complaint do not reach the municipality, in any instance, because the

4

To the extent that Jackson alleged that police actions poisoned material evidence that was wrongly introduced into his criminal proceedings, we agree with the District Court that those claims are barred by the favorable termination rule in Heck. Similar to the claims of unlawful investigation and evidence tampering that were at issue in that case, Jackson's allegations related to the integrity of his prosecution implicitly challenge the legality of his conviction, which has not been invalidated. See Heck, 512 U.S. at 486-87. Accordingly, we find no error in the District Court's dismissal of Jackson's complaint under 28 U.S.C. § 1915.[3]

## III.

Because this appeal presents no substantial question, we will summarily affirm the judgment below. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. Jackson's motion for appointment of counsel is denied.

---

alleged injury was inflicted solely by its employees. See Monell v. Dep't of Soc. Servs. of City of N. Y., 436 U.S. 658, 694 (1978).

[3] Under the circumstances of this case, the District Court did not abuse its discretion in dismissing the complaint without leave to amend. See Shane v. Fauver, 213 F.3d 113, 115-17 (3d Cir. 2000).