CLD-204                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2932
_____

ADEL MIKHAEIL,
                                    Appellant

v.

ANGEL SANTOS; PHILLIP P.G. WEBB; DEALREE BROADY;
CRISTINO FELIX; JERSEY CITY POLICE DEPARTMENT;
MARY REINKE; HUDSON COUNTY PROSECUTORS OFFICE;
MYLES CAPPIELLO; NEIL HICKEY; NEW JERSEY STATE POLICE;
PAULA DOW, formerly Ann Milgram, Office of the Attorney General;
STATE OF NEW JERSEY; ANTHONY PICCONE, Deputy Attorney General;
MICHAELANGELO CONTE; RENEEA ROSE SIBAYIAN;
JERSEY JOURNAL, INC.; JOHN DOE(S) 1 THROUGH 10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:10-cv-03876)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2016

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  April 13, 2016)

_____

OPINION[*]

_____

PER CURIAM

Adel Mikhaeil appeals from the judgment of the United States District Court for the District of New Jersey in his action pursuant to 42 U.S.C. § 1983. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

The procedural history of this case and the details of Mikhaeil's claims are well known to the parties, set forth in the District Court's memoranda, and need not be discussed at length. Briefly, in August 2008, Mikhaeil was arrested by police in Jersey City, New Jersey and charged with witness tampering and making terroristic threats against Angel Santos. Ultimately, the charges were dismissed. In July 2010, Mikhaeil filed a complaint under § 1983, raising claims arising from the arrest. Named as defendants were the complaining witness, Angel Santos; the Jersey City Police Department and several of its officers ("Jersey City Police Defendants"); the Hudson County Prosecutor's Office, the prosecuting attorney, and another employee of that Office ("HCPO Defendants"); the State of New Jersey, the State Police, the State Attorney General, and individual state agents ("State Defendants"); and the Jersey

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Journal newspaper and several staff members ("Jersey Journal Defendants").[1]  During the course of the proceedings, the Defendants filed separate motions to dismiss and for summary judgment.

On June 13, 2011, the District Court granted motions to dismiss that had been filed by the HCPO Defendants, the State Defendants, and the Jersey Journal Defendants, dismissing the claims against those sets of defendants.  The action continued against Santos and the Jersey City Police Defendants on the remaining claims.  On December 14, 2012, the District Court granted the Jersey City Police Defendants' motion for summary judgment.  Thereafter, on December 1, 2014, the District Court dismissed the claims against Santos, the only remaining defendant.  Finally, on July 16, 2015, the District Court entered a final order in the case dismissing cross-claims that had been raised by the HCPO Defendants.  This timely appeal followed.

We have appellate jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over an order granting summary judgment.  DeHart v. Horn, 390 F.3d 262, 267

---

[1] In his complaint, Mikhaeil alleged that: the Jersey City Police Department was liable for his false arrest and imprisonment (Count 1); Officers Myles Cappiello and Neil Hickey failed to adequately investigate Santos' complaint before recommending charges (Count 2); Deputy Attorney General Anthony Piccone's criminal prosecution of Mikhaeil was improper (Count 3); the Office of the Attorney General failed to adequately train its employees which resulted in Mikhaeil being deprived of his constitutional rights (Count 4); the Jersey Journal Defendants withheld pertinent information from police and thus, were also responsible for his false arrest and imprisonment (Count 5); Defendants Piccone, Hickey, Cappiello and Mary Reinke, an employee in the prosecutor's office, worked together to arrest and imprison him in order to procure his guilty plea in another criminal matter (Count 6).

(3d Cir. 2004). Our review of the District Court's earlier dismissal orders is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm when an appeal presents us with no substantial question. See LAR 27.4; I.O.P. 10.6. Upon review of the record, and for substantially the same reasons given by the District Court, we will affirm.

As we noted above, Mikhaeil's complaint stated claims under § 1983 against numerous defendants, several of whom moved to dismiss his complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Blanket assertions and conclusory statements by themselves do not suffice to show plausibility. See Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011).

First, the District Court properly dismissed Mikhaeil's claim against the Hudson County Prosecutor's Office. Because that Office is a state agency, not a local governmental body, it is not a person amenable to suit under § 1983. See Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 854-55 (3d Cir. 2014) (holding that New Jersey county prosecutor's offices are considered state agencies for § 1983 purposes when fulfilling their law enforcement and investigative – as opposed to administrative – roles). Further, the District Court correctly held that the prosecuting

4

attorney was immune from suit for his role in prosecuting Mikhaeil's criminal case. See Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992). Additionally, the District Court correctly dismissed Mikhaeil's claim against Mary Reinke, an HCPO employee. Among other things, Mikhaeil did not allege facts establishing that Reinke had the requisite personal involvement with Mikhaeil's case. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).[2]

The District Court also appropriately dismissed Mikhaeil's claims against the Jersey Journal Defendants. To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The Jersey Journal Defendants are private actors—not state actors. Although private individuals may nonetheless be liable under § 1983 if they have conspired with or engaged in joint activity with state actors, see Dennis v. Sparks, 449 U.S. 24, 27-28 (1980), as the District Court noted, Mikhaeil did not adequately allege the existence of a conspiracy involving these Defendants to deprive him of his rights.[3]

Lastly, the District Court did not err in dismissing the State Defendants. Insofar as they were sued for damages in their official capacities, they are entitled to Eleventh

_____

[2] Mikhaeil likewise failed to establish that the Attorney General had any personal involvement in his case.

[3] The District Court also correctly dismissed Defendant Santos from the case on those grounds.

5

Amendment immunity. The Eleventh Amendment protects a state and its employees from federal suit unless Congress has specifically abrogated the state's immunity, or the state has waived its own immunity. Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010); MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001). Congress did not abrogate the states' immunity through the enactment of 42 U.S.C. § 1983, see Quern v. Jordan, 440 U.S. 332, 345 (1979), and New Jersey has not waived its immunity in federal court, see Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth., 819 F.2d 413, 418 (3d Cir. 1987), abrogated on other grounds by Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30 (1994). Therefore, the District Court correctly concluded that the State Defendants were entitled to Eleventh-Amendment immunity from Mikhaeil's official-capacity claims. To the extent that Mikhaeil intended to impose individual liability on the State Defendants, for the reasons carefully identified by the District Court in its thorough opinion, those claims were also properly dismissed.[4]

We now turn to the District Court's order granting the Jersey City Police Defendants' motion for summary judgment. Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving

---

[4] Additionally, to the extent Mikhaeil alleged that any of the Defendants violated his rights under state law, those claims were subject to dismissal because he did not comply with the notice requirements of the New Jersey Tort Claims Act. See N.J. Stat. Ann. § 59:8-8; Velez v. City of Jersey City, 850 A.2d 1238, 1246 (N.J. 2004).

6

party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a); Kaucher v. Cty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

First, we conclude that the District Court did not err in granting summary judgment as to Mikhaeil's claims against the individual police officers named in the complaint.  To prevail on a claim of false arrest or false imprisonment under § 1983, a plaintiff must show that he was arrested without probable cause.  Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995); accord Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense.").  Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested."  United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002).

For the reasons outlined by the District Court, the record supports the conclusion that there was sufficient information from which a jury could conclude that there was probable cause to arrest Mikhaeil for terroristic threats and witness tampering. Additionally, even if their actions were unreasonable, we would agree with the District Court that the named officers were entitled to qualified immunity.  See Pearson v. Callahan, 555 U.S. 223, 231 (2009).

7

The District Court also correctly determined that the Jersey City Police Department was not a proper party to this action. Although local governmental units may constitute "persons" against whom suit may be lodged under § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part. See, e.g., Bonenburger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997); Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Even construing Mikhaeil's complaint liberally to allege a claim against Jersey City, we conclude that summary judgment was appropriate. The Supreme Court's § 1983 jurisprudence "require[s] a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978)). This requires a plaintiff to show that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." Id. (emphasis in original). In this case, however, Mikhaeil failed to allege any action by Jersey City, let alone "deliberate conduct" that would show the City to be the "moving force" behind Mikhaeil's alleged injuries.

Accordingly, we will affirm the judgment of District Court.