NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2032
_____

EDWIN SOTO-SANTANA; YANAHIRA SOTO,
Appellants

v.

STEPHAN WENGEN,
Individually

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:23-cv-01819)
Magistrate Judge: Honorable Daryl F. Bloom

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 30, 2025

Before: KRAUSE, PORTER, and ROTH, *Circuit Judges*.

(Filed: April 25, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Yanahira Soto and Edwin Soto-Santana sued Officer Stephan Wengen for false arrest and malicious prosecution under § 1983 and false imprisonment under state law. The District Court[1] granted Officer Wengen's motion to dismiss the complaint, holding that he had probable cause to arrest Soto and Soto-Santana for defiant trespass. We will affirm.

I

A

Soto and Soto-Santana resided at 250 Carey Avenue in Wilkes-Barre, Pennsylvania. Soto contacted the City of Wilkes-Barre regarding a plumbing issue at their apartment, and the City sent Inspector Dan Kratz, a member of the City's Code Enforcement Department, to inspect the property. Kratz determined that the property was unfit for habitation and posted a notice to that effect.

After Kratz posted the notice, Soto and Soto-Santana began residing elsewhere. But Soto and Soto-Santana's landlord told them that they could remain at 250 Carey Avenue while he made repairs.

Officer Wengen was dispatched to 250 Carey Avenue after Soto and Soto-Santana's neighbors called the police and reported someone was trespassing. One of the neighbors informed Officer Wengen that Soto had been staying in the apartment at 250 Carey Avenue for six nights, every night since it was declared uninhabitable.

---

[1]    The term "District Court" in this case refers to the magistrate judge proceeding with the consent of the parties. *See* 28 U.S.C. § 636.

Upon arriving at the apartment Officer Wengen tried to contact Soto, but she would not come to the door. The landlord came to the property after Officer Wengen contacted him. Officer Wengen then entered the apartment and arrested Soto and Soto-Santana for defiant trespass.

Soto and Soto-Santana appeared at their preliminary hearing; Officer Wengen did not. The charges against Soto and Soto-Santana were dropped.

B

After their defiant trespass charges were dropped, Soto and Soto-Santana sued Officer Wengen, alleging false arrest and malicious prosecution claims in violation of the Fourth and Fourteenth Amendments under § 1983, as well as claims of false imprisonment under state law.

The District Court dismissed the complaint with prejudice, holding that Officer Wengen had probable cause to arrest Soto and Soto-Santana for defiant trespass. The District Court also held that, as to the claims brought under § 1983, Officer Wengen was entitled to qualified immunity.

Soto and Soto-Santana timely appealed.[2]

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

Our review of a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) is plenary. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010). A "motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

## II

## A

To state a claim for false arrest under § 1983 or false imprisonment under state law, Soto and Soto-Santana must plausibly allege that Officer Wengen lacked probable cause to arrest them. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (false arrest); *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994) (false imprisonment). Similarly, to state a claim for malicious prosecution under § 1983, Soto and Soto-Santana must plausibly allege that Officer Wengen initiated the proceeding against them without probable cause. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

Probable cause requires only that "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995). Probable cause does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams*, 407 U.S. 143, 149 (1972). In analyzing whether probable cause existed for an arrest, the court must use a "totality-of-the-circumstances approach." *Illinois v. Gates*, 462 U.S. 213, 230 (1983).

---

When considering a motion to dismiss, we "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## B

Officer Wengen arrested Soto and Soto-Santana for defiant trespass under Pennsylvania law. Section 3503(b) of the Pennsylvania Criminal Code defines a defiant trespasser as a person who, "knowing that he is not licensed or privileged to do so, [ ] enters or remains in any place as to which notice against trespass is given by: . . . posting in a manner prescribed by law or reasonably likely to come to the attention of intruders." 18 Pa. Cons. Stat. § 3503(b)(1)(ii). Wilkes-Barre's housing code provides that the inspection and issuing of orders "shall be the exclusive responsibility of the enforcement officer," and "[n]o order for correction of any violation under [the housing code] shall be issued without the approval of the enforcement officer." Wilkes-Barre City Code of Ordinances § 7-81(d) (2024).

## C

Soto and Soto-Santana do not dispute that Inspector Kratz posted a notice stating that the property at 250 Carey Avenue was uninhabitable, or that they were found inside the property. Rather, they argue that Officer Wengen lacked probable cause because their landlord allegedly permitted them to remain on the property while repairs were made and informed Officer Wengen of this permission before the arrest.

Soto and Soto-Santana point to an affirmative defense to defiant trespass: when an "actor reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain." Opening Br. at 12 (quoting 18 Pa. Cons. Stat. § 3503(c)(3)). Soto and Soto-Santana contend that they therefore lacked the necessary mens rea to commit defiant trespass.

Soto and Soto-Santana cite to this Court's decision in *Radich v. Goode*, where we assumed, without deciding, that the existence of an affirmative defense was relevant to the determination of probable cause. 886 F.2d 1391, 1396 (3d Cir. 1989). But this Court has not held that an affirmative defense is a relevant consideration in the probable cause analysis.

After *Radich*, this Court has at least twice decided that certain affirmative defenses should not be part of a probable cause determination. In *Sands v. McCormick*, 502 F.3d 263, 269 (3d Cir. 2007), we held that raising an affirmative defense that the statute of limitations has expired is not "a relevant consideration at the time a police officer files charges." And in *Holman v. City of York*, 564 F.3d 225, 231 (3d Cir. 2009), we held that the affirmative defense of necessity, which appeared in a different section of the criminal code than the charged offense of trespass, would require an officer "to examine countless factual permutations" before making an arrest and therefore should have no bearing on the probable cause determination.

Even if an affirmative defense were relevant to the probable cause determination, Officer Wengen had probable cause to arrest Soto and Soto-Santana. Officer Wengen was told that Soto and Soto-Santana had been living at 250 Carey Avenue despite the property being deemed uninhabitable. True, the landlord explained that he gave Soto and Soto-Santana permission to remain at the property while he made repairs. But two other facts undermine Soto and Soto-Santana's argument that the landlord's permission was the reason they remained at 250 Carey Avenue: (1) the landlord was not at the property performing repairs when Officer Wengen first arrived and yet Soto and Soto-Santana

6

were inside, and (2) a neighbor told Officer Wengen that Soto had been staying at the property every night.

Considering the totality of the circumstances, and mindful that probable cause "does not require that officers correctly resolve conflicting evidence," *Wright v. City of Philadelphia*, 409 F.3d 595, 603 (3d Cir. 2005), *abrogated on other grounds by Chiaverini v. City of Napoleon,* 602 U.S. 556 (2024), Officer Wengen reasonably believed that Soto and Soto-Santana had committed defiant trespass. Accordingly, Soto and Soto-Santana failed to state a claim for false arrest, false imprisonment, or malicious prosecution.[3]

* * *

For all of these reasons, we will affirm the District Court's order.

---

[3] As to the false arrest and malicious prosecution claims brought under § 1983, Officer Wengen would be granted qualified immunity even if he lacked probable cause to arrest Soto and Soto-Santana. As described above, at the time of Soto and Soto-Santana's arrest, there was not clearly established law that an officer lacks probable cause to arrest for defiant trespass when affirmative defenses bar prosecution. Accordingly, Officer Wengen would be entitled to qualified immunity. *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) ("[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." (internal quotation marks and citation omitted)).