**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2124
_____

SERGEI KOVALEV,
                              Appellant

v.

LABORATORY CORPORATION OF AMERICA HOLDINGS;
LABORATORY CORPORATION OF AMERICA, also known as LABCORP;
ADAM H. SCHECHTER; LABCORP CENTER 7001 FRANKFORD
AVENUE; LABCORP CENTER 7439 FRANKFORD AVENUE;
LABCORP CENTER 8828 FRANKFORD AVENUE; JANE DOE I;
JANE DOE II; JANE DOE III; LABCORP STAFFING SOLUTIONS INC;
DOES 1 THROUGH 15

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-00552)
District Judge:  Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2026
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: June 12, 2026)
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se litigant Sergei Kovalev commenced this action in Pennsylvania state court, alleging that employees at four different Labcorp patient-service centers in Philadelphia violated his civil rights and committed various torts against him.[1] The Labcorp defendants removed the case to the United States District Court for the Eastern District of Pennsylvania based on diversity of citizenship.[2]

Kovalev then filed an amended complaint asserting more than twenty claims against multiple Labcorp entities and employees, including three fictitious "Jane Doe" employees who worked at the patient-service center on Frankfurt Avenue in Philadelphia. He also moved the District Court to remand the matter back to state court, but the District Court denied his request.

The Labcorp defendants moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court dismissed all

---

[1] In the original complaint, Kovalev named as defendants Laboratory Corporation of America and Laboratory Corporation of America Holdings. He later added additional Labcorp entities and employees. The District Court ultimately determined that Laboratory Corporation of American Holdings was the only proper defendant. For ease of reference, all Labcorp entities and individual employees are generally referred to as "Labcorp" or the "Labcorp defendants."

[2] Kovalev initially commenced this action in federal court, but he later withdrew that action and filed it in state court. After the matter was removed back to federal court, he twice unsuccessfully tried to refile it in state court.

claims against all parties except for Kovalev's assault-and-battery claim relating to his altercation with the Jane Doe employees at the Frankfurt Avenue patient-service center. The District Court also denied Kovalev's request to further amend his complaint so that he could identify the three Jane Doe employees involved in the incident, as well as his renewed motion to remand the matter to state court.

With respect to the assault-and-battery claim, Kovalev alleged as follows. Upon arriving at the Frankfurt Avenue location, Kovalev self-registered by scanning his driver's license. During check-in, Jane Doe I, an African-American employee, asked him to confirm his date of birth and provide his health-insurance card. Kovalev refused to state his birthday for privacy reasons. Jane Doe I consulted with her supervisor, Jane Doe II, and informed Kovalev that she could accept his driver's license instead. She then asked him to remove his face mask for identity verification. Kovalev refused and began recording the altercation on his phone. At that point, Jane Doe III, an "aggressive and agitated African-American female," asked Kovalev to leave. Am. Compl. ¶ 115–116. As he was leaving, Jane Doe III, exhibiting "extreme hostility against a White person," cornered him and struck his phone with an open hand. Kovalev stated that he feared for his life.

Following discovery, Labcorp moved for summary judgment. Kovalev stood entirely on his video, asserting that it established absolute proof of his assault-and-battery claim. The District Court determined that no reasonable factfinder viewing the video could find in his favor and entered summary judgment against him. Kovalev appealed.

3

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the District Court's decisions denying Kovalev's motions to remand, *see Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 151 (3d Cir. 2018), and its decision to grant summary judgment, *see Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011).  We review the denial of Kovalev's motion to amend the complaint for abuse of discretion.  *See Garvin v. City of Phila.*, 354 F.3d 215, 219 (3d Cir. 2003).[3]

Kovalev raises several objections to the District Court's decisions denying his motions to remand this case to state court.  First, he argues that, contrary to the District Court's conclusion, his original complaint did not satisfy the "amount in controversy" requirement of 28 U.S.C. § 1332 because (1) his request for $1,000,000 in punitive damages was merely "a puffery" and not "the actual amount in controversy"; (2) the District Court "never had an intention to even allow this case to proceed on punitive damages[] because the [District Court] later dismissed Plaintiff's claim for punitive damages"; and (3) the defendants "never wanted to pay anything even close to $75,000 [given that they] offered $5,000 as a form of settlement[]."  Br. 16–17, ECF No. 23. Kovalev also argues that, even if the District Court initially had diversity jurisdiction, it

---

[3] Although Kovalev purports to appeal from ten District Court orders, his fifty-two-page appellate brief only meaningfully challenges the rulings addressed below.  Therefore, we deem any other issues forfeited.  *See Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436, 452 (3d Cir. 2024) ("[A]rguments not raised in a party's opening brief are generally deemed forfeited.").

lost jurisdiction after he added non-diverse Jane Doe defendants to the suit and after his federal claims were dismissed.

These arguments are meritless. It is well established that the amount in controversy is decided from the face of the complaint, *see Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993), and that claims for punitive damages are properly considered when, as here, they are permitted under state law, *see Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008). Moreover, "[s]ubsequent events cannot reduce the amount in controversy so as to deprive the district court of jurisdiction." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395–96 (3d Cir. 2016) (citation omitted)). Next, the District Court did not lose jurisdiction after it dismissed Kovalev's federal claims because diversity remained.[4] In addition, even assuming that the Jane Doe defendants were non-diverse, they did not destroy diversity because, as discussed below, they were never made parties to the suit.

Kovalev also challenges the District Court's summary judgment ruling. He contends that his video recording unequivocally establishes his claim for assault and battery. Under Pennsylvania law, *see* 28 U.S.C. § 1346(b)(1), an "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is

---

[4] Kovalev's reliance on *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), is misplaced. There, the Supreme Court held that if a plaintiff withdraws the federal-law claims that enabled removal, the district court no longer has *supplemental* jurisdiction over the state-law claims. *Id.* at 50.

committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289, 293 (1994). Both assault and battery require a mens rea of intent to cause harmful or offensive contact. *See id.*

We have reviewed the videotape—which is the only evidence Kovalev presented in support of his claim—and agree with the District Court that no reasonable factfinder could conclude that the three Labcorp employees intended to cause him harm. We refer the parties to the District Court's discussion and need not repeat its analysis here.[5] Simply stated, the video does not, as Kovalev contends, depict a Labcorp employee "subject[ing him] to a deranged physical attack," Br. 32, ECF No. 23; to the contrary, it shows the employee calmly escorting him to the exit while urging him to leave. Because Kovalev's version of events is "blatantly contradicted" by the video evidence, the District Court correctly viewed the facts "in the light depicted by the videotape."[6] *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

---

[5] Although Kovalev asserts that the District Judge indicated at oral argument that he would be sending the case to a jury, the transcript reveals no such indication.

[6] Kovalev also challenges the District Court's dismissal of the three Jane Doe defendants as well as its denial of his request to amend the pleading in order to properly identify them. Even assuming, however, that the District Court somehow erred in this regard, any error was harmless given that Kovalev ultimately failed to raise any genuine issues of fact as to his assault-and-battery claim. *Cf. Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 538–39 (7th Cir. 2011) (holding that it was harmless to dismiss claims against a

We have considered Kovalev's remaining unforfeited arguments and conclude that they are meritless. Accordingly, we will affirm.

---

party under Rule 12(b)(6) when those claims would have lost on summary judgment).